## SMITH *v.* OSTERMEYER ET AL.

MORTGAGE —*Promissory Note.*—*Conveyance of Real Estate* —*Assumption of Mortgage Debt.*—*Transfer of Note to Maker.*—*Intent to keep alive.*—*Subrogation.*—In 1872, O. and D. executed their promissory note to T., for a part of the purchase money for certain real estate. At the same time they executed a mortgage on said real estate, to secure the note mentioned. After the maturity of said note, T. sold and transferred it by parol to D., one of the makers, at the same time transferring to him the mortgage, by assignment of record. D. subsequently sold and transferred the note and mortgage, in the same manner, to S. After the execution of said note and mortgage and before the maturity thereof, several conveyances of the mortgaged premises were made, the grantee in each case taking the same, by the terms of the deed, subject to such mortgage, and assuming the payment of said note.

*Held,* in a suit by S., praying for judgment against the parties so assuming to pay the note and for the foreclosure of the mortgage, that he can recover, it being shown by the evidence that the parties, by the transfer of the note and mortgage from T. to D., did not thereby intend to cancel them.

*Held,* also, that none of the purchasers of the property, who had assumed the payment of the mortgage debt, were injured by keeping the note and mortgage alive, because, if the transfer to D. should be regarded as payment, then O. and D. would be subrogated to the rights of T. and could enforce their claim against such purchasers, as upon the mortgage.

*Held,* also, that, as between O. and D. and their grantees, it was the duty of the latter to pay the note

From the Marion Circuit Court:

*J. R. Parmelee* and *L. L. Norton,* for appellant.

*J. S. Reid* and *I. Klingensmith,* for appellees.

WORDEN, J.—The complaint in this case, filed by the appellant against the appellees herein, alleges that on February 15th, 1872, Frederick Ostermeyer and Charles Dammeyer executed their promissory note to Henry Tebbe for the sum of one thousand dollars, payable on the 1st of July, 1876, being given for a part of the purchase-money for certain real estate described, situate in the county of Marion ; and that Ostermeyer and Dammeyer, at the same time, executed to Tebbe a mortgage on the property to secure the payment of that and some other notes, the others having been paid, and the mortgage was duly recorded ; that on August 14th, 1876, Tebbe sold and transferred the note, by parol, to Dammeyer, one of the makers, and that on January 11th, 1877, Dammeyer sold and transferred the note to the plaintiff, by parol ; that Tebbe transferred the mortgage to Dammeyer, by written assignment on the record of the mortgage, and that Dammeyer, in like manner, transferred the same to the plaintiff; that the note remains due and unpaid ; that, after the execution of the mortgage, Ostermeyer and Dammeyer, with their wives, executed a conveyance of the mortgaged premises to Nich-

olas R. Ruckle, John R. Pierson and James B. Dickson, Ruckle taking an undivided one-half, and Pierson and Dickson each an undivided one-fourth of the premises. This deed was recorded December 5th, 1872, and the grantees took it subject to the mortgage, agreeing to pay, among others, the note in suit.

On June 17th, 1873, Ruckle, Pierson and his wife, and Dickson and his wife conveyed the property, by deed duly recorded, to Cuvier B. Higgins and Andrew Smith, who took the property subject to the mortgage, and, as part consideration, assumed, by the terms of the deed, the payment, among others, of the note in suit.

On July 21st, 1873, Higgins and his wife conveyed, by deed duly recorded, the undivided half of the property to Reuben D. Logan, who took it subject to the mortgage, and assumed, by the terms of the deed, to pay one-half of the note in suit, as well as one-half of those which have been paid. Prayer for judgment against the parties thus assuming to pay the note, and for the foreclosure of the mortgage.

Logan and wife pleaded matter intended to show that the note had been paid and satisfied; also a direct answer of payment; and, further, matter intended to show that the plaintiff was not, but that one Andrew Smith was, the real party in interest. We deem it unnecessary, for the purposes of the case, to examine minutely and pass upon the answers so filed.

The cause was submitted to the court for trial, which resulted in a finding for the defendants, and judgment over a motion by the plaintiff for a new trial.

We are satisfied that the finding below was wrong. Long before the note was due, or had been transferred by Tebbe, the payee, to Dammeyer, one of the makers, Ostermeyer and Dammeyer had sold their equity of redemption in the land, and had the assumption of their grantees to

pay the note. As between Ostermeyer and Dammeyer and their grantees, it was the duty of the latter to pay the note. The transfer of the note by the payee to Dammeyer, one of the makers, did not necessarily cancel it; and the evidence shows conclusively that the parties did not thereby intend to cancel it. The intent was to keep the note and mortgage alive, and to vest the right thereto in Dammeyer; and there is no good reason why that intent should not be carried out. None of the subsequent purchasers of the property, who had assumed the payment of the mortgage debt, were injured by keeping the note and mortgage alive, because, if the transfer to Dammeyer should be regarded as payment, then Ostermeyer and Dammeyer would be subrogated to the rights of Tebbe, and could enforce their claim against such purchasers, as upon the mortgage. *Josselyn* v. *Edwards*, 57 Ind. 212.

The plaintiff introduced in evidence the assignment of the mortgage from Tebbe to Dammeyer, and that from Dammeyer to the plaintiff, as alleged in the complaint. Dammeyer testified as a witness in the cause, and said, among other things, as follows :

" The way I came to get the note was this : Tebbe came to me and wanted the money, and he and I went to Dr. Buck to see about it. Tebbe assigned the mortgage to me when I paid the money; he sold the note and mortgage to me; I paid my own money for the note and mortgage, and I transferred the note and mortgage to Mrs. Smith."

In *Howe* v. *Woodruff*, 12 Ind. 214, 218, it was said, quoting from a case in Maine :

" ' It is, in each case, a question of intention whether or not there is an extinguishment of the charge upon the estate. If, at the time the mortgage is taken in, the intention to extinguish appears, that is decisive. If it does not, equity presumes it to be outstanding or extinguished, as the interests of the party may require.' "

Here the intention of the parties to keep the note and mortgage alive affirmatively appears. Upon looking through the evidence, we find nothing in it that, in our opinion, disparages the rights of Mrs. Smith as the holder of the note and mortgage, or that shows her not to be the real party in interest, or that the note has been paid.

The judgment is reversed, with costs, and the cause remanded for a new trial.