Lowrey *v.* Byers.

---

No. 8891.

## LOWREY *v.* BYERS.

SUBROGATION.—Subrogation takes place where one pays a debt which another was justly liable to pay, and the payment is made to discharge the property of the person paying from an incumbrance.

SAME.—*Redemption.*—*Pleading.*—The plaintiff and T. purchased lands,. each to pay half the purchase-money, and give a mortgage for unpaid instalments. Plaintiff paid his half, but the mortgage was foreclosed for the last instalment which T. should have paid. The land was sold therefor by the sheriff and redeemed by the defendant, who held a junior judgment lien against T. Defendant then obtained a decree against the whole land to make his redemption money, and then the plaintiff, to redeem, paid the necessary sum into the clerk's office.

*Held*, that the foregoing facts constituted a good complaint by the plaintiff against the defendant and T. to be subrogated to the rights of the defendant.

From the Howard Circuit Court.

*F. M. Gideon, J. C. Blacklidge* and *W. E. Blacklidge,* for appellant.

*M. Bell* and *M. McDowell,* for appellee.

ELLIOTT, C. J.—The material facts stated in the complaint of the appellee are these : On the 12th day of November, 1874, the appellee and John Tracy bought of Silas Scott forty acres of land and received a deed; that the price agreed upon for the land was two thousand dollars, of which appellee and Tracy paid five hundred dollars, and for the remainder executed their joint notes, and also executed a mortgage; that it was the contract between Tracy and the appellee, that each should pay the one-half of the purchase-money, and each own one undivided half of the land ; that they paid all the notes executed for the purchase-money except the one which last matured, which was assigned before maturity to one Elisha Chandler ; that at the time this note matured the appellee had paid one thousand dollars of the purchase-money for said land, and that, under the terms of their contract, Tracy was bound to pay, and ought to have paid, the note ; that Chandler brought suit on the note and mortgage, obtained judgment and decree against the appellee and Tracy, caused a certified copy of the decree to be issued and sale to be made thereon by the sheriff, and purchased the land at the sheriff's sale. The appellant owned a judgment against Tracy, which was a lien on the land subordinate to the purchase-money mortgage, and by virtue

of his right as a junior incumbrancer, redeemed the land from the sale made on Chandler's decree. On the 21st day of February, 1879, the appellee filed a complaint against the appellant and John Tracy and his wife, setting forth substantially the same facts as those stated in the present complaint, and praying for a partition of the land; that judgment was rendered in appellee's favor by the Howard Circuit Court, adjudging that Lowrey, the appellant, should make his judgment out of the portion of the property partitioned to Tracy, and that he should first offer for sale, to satisfy the decree of which he had become the owner by redemption, Tracy's portion of the land, before resorting to that set off to the appellee. After the decree in the partition proceedings, appellant brought suit upon the decree from which he had redeemed the land, and obtained a judgment, directing a sale of the mortgaged premises. In December following, the appellee paid to the clerk of Howard county the full amount of the decree and interest, in redemption of the property.

The complaint is good. The appellee had such an interest in the land as entitled him to redeem from appellant. Between appellee and his co-tenant Tracy, there was an equity in favor of the former, entitling him to redeem the mortgaged premises in order to protect his undivided interest. He could not redeem his own interest alone, for the mortgagee could not be compelled to accept a part of his debt. The mortgagee was not affected by the equities between appellee and Tracy. These equities, however, entitled the former to preserve his property from peril by redeeming from the mortgage. The equity created by the contract between appellee and Tracy, and the payment by the former of his full share of the purchase-money, prevents the redemption from being regarded as an extinguishment of the mortgage and decree. Equity will keep an incumbrance alive for the purposes of justice. Justice requires that appellee's redemption should not be deemed an extinguishment of the mortgage which it was the duty of another to pay, but which appellee paid to relieve his land from peril.

It is evident that the appellant's counsel overlook the important fact that the decree of foreclosure bound all the land. It is true that the decree in the partition proceedings severed the interests, and directed that Tracy's undivided half be first offered for sale; but this did not relieve appellee's interest from the lien. If Tracy's share sold for a sum sufficient to pay the debt, then the appellee's share would be preserved to him, but if not then it was in danger of seizure and sale. The only way in which he could fully secure his rights and protect his interest was by redeeming from the decree of foreclosure. If the appellant had desired to avoid this result, he could, perhaps, have done so by selling only Tracy's interest in the land. ·

The answer of the appellant contains substantially the same facts as the complaint. We are unable to perceive any material difference between the statements of the answer and those of the complaint. The attempt to show that the payment by the appellee was a voluntary one is futile. A mortgagor owning an undivided interest has a right to release his property by redeeming from the mortgage. *Rardin* v. *Walpole*, 38 Ind. 146. It is true that where a mortgagor pays his own debt, and there are no equities in his favor making it necessary for the purpose of justice to keep the mortgage alive, it is extinguished. This is not such a case. There is a strong equity in appellee's favor, which can only be preserved by keeping the incumbrance alive. It is an elementary rule that equity will consider an incumbrance as in force if the ends of justice can be thereby attained. *Troost* v. *Davis*, 31 Ind. 34; *Howe* v. *Woodruff*, 12 Ind. 214. The case in hand does not fall within the rule, that where one joint debtor pays a judgment, it is extinguished. One reason why the case is not within this rule is because there was a redemption and not a payment. The appellee assumed to redeem; he did not profess to pay. Of course, if he had no right to redeem, his act was no more than a payment; but, as we have already ascertained, he had a right to redeem, and his act was more than a payment. In equity,

the debt, for which the decree of foreclosure was rendered, was that of Tracy. *Williams* v. *Perry*, 20 Ind. 437 ; *Adams* v. *LaRose*, 75 Ind. 471.

Subrogation takes place where one pays a debt which another was justly liable to pay, and the payment is made to discharge the property of the person paying from an incumbrance. In the case in hand, it distinctly appears that the appellee paid the money to protect his interest in the land from sale upon judicial process, and this constitutes one of the chief elements of equitable subrogation. The other controlling element is also present. The money was paid not in discharge of the payor's debt, but in discharge of the debt of another ; for, in equity and good conscience, Tracy ought to have paid the debt. A debt may be discharged as to the holder without being extinguished as between persons standing in a relation akin to that of principal and surety. *Gerber* v. *Sharp*, 72 Ind. 553.

Judgment affirmed.