No. 8712.

## HEWITT ET AL. *v.* POWERS.

PLEADING.—*Complaint.*—A complaint which shows a right to any relief whatever is good on demurrer.

SAME.—*Specific and General Allegations.—Payment.*—Specific allegations in a pleading will prevail against general allegations; and where specific statements of fact in a plea of payment show that the general allegation is untrue, the former will control.

MORTGAGE.—*Consideration.*—A pre-existing debt is a valuable consideration, sufficient to support a mortgage given to secure it.

SAME.—*Foreclosure.*—*Answer.*—*Reply.*—*Mistake in Description.*—*Bona Fide Purchaser.*—*Replevin Bail.*—*Judgment.*—Complaint to reform a mortgage as to the description of part of the lands, and to foreclose. Answer, by a subsequent purchaser: 1. That he became replevin bail for the mortgagor on a judgment about two years after the date of the mortgage, in the belief that the lands of the latter were free from liens save as appeared by the record of the plaintiff's mortgage; that the plaintiff had knowledge of the error of description in his mortgage, and negligently omitted any effort to secure its correction; that he had been compelled to pay the judgment. 2. Alleging the same facts as to the plaintiff's knowledge of and neglect to have the erroneous description corrected; that the defendant afterwards, without notice, for a valuable consideration, bought the lands at a sale by an assignee in bankruptcy of the mortgagor. Reply: 1 (to both). That the defendant purchased subject to the plaintiff's lien. 2 (to the first paragraph of the answer). That the defendant's claim on account of the judgment was fully paid by the assignee, the amount thereof and $135 being the consideration for the conveyance of the lands by the assignee.

*Held,* that the first paragraph of the reply was good and the second bad on demurrer.

MISTAKE.—*Description.*—A mistake in the description of land can not be corrected where the rights of persons acting in good faith, without notice, and who have parted with value or assumed a liability, have intervened.

SAME.—*Deed.*—*Married Woman.*—A mistake in the description of land in a deed executed by a married woman may be corrected.

MERGER.—*Liens.*—The doctrine of merger of a lien in an estate in fee, afterwards acquired, does not apply where it would operate to let in unjustly a subordinate lien.

PRACTICE.—*Motion to Strike Out.*—*Harmless Error.*—The erroneous refusal to strike out part of a pleading is a harmless error.

From the Union Circuit Court.

*B. Burke, W. M. Casterline, L. H. Stanford* and *T. J. Trusler,* for appellants.

*H. Dailey, W. N. Pickerill, F. Berry, H. Berry, W. H. Jones* and —— *McMahan,* for appellee.

ELLIOTT, J.—The complaint of the appellee alleges that Zachariah Ferguson and Sarah Ferguson, his wife, executed to him a mortgage, on the 26th day of January, 1875; that, by the mistake of the scrivener, part of the land intended to

be mortgaged was erroneously described; that Hewitt claims title to the land under a sale made by an assignee in bankruptcy appointed in proceedings in which Zachariah Ferguson was adjudged a bankrupt.

Sarah Ferguson and David Hewitt appeal and join in an attack upon the complaint. The complaint was certainly sufficient as to so much of the land as was correctly described, and this makes the attack unavailing. Where a complaint shows a substantive right to some relief, a demurrer will not lie. · *Bayless* v. *Glenn*, 72 Ind. 5. The appellants are in error in affirming that a precedent debt is not a valuable consideration. An antecedent debt is such a consideration as will support a contract, and one who takes a mortgage to secure such a debt is not to be regarded as a mere volunteer; nor is his contract without consideration. The appellants misunderstand the doctrine of *Busenbarke* v. *Ramey*, 53 Ind. 499, and the cases built upon it. The ruling in that case is not that a pre-existing debt is not a consideration, but that such a consideration will not constitute a party a *bona fide* purchaser of property in such a sense as to enable him to prevail against prior equities.

Counsel for Sarah Ferguson argue that the court erred in overruling her motion to strike out parts of the complaint; but that question does not require discussion; for it is well settled that the refusal to strike out parts of a pleading, even if erroneous, will not warrant the reversal of a judgment.

The second paragraph of Hewitt's answer alleges that on the second day of October, 1876, Thomas Osborn recovered judgment against Zachariah Ferguson for $383; that on the 7th day of November of that year he, Hewitt, became replevin bail thereon, and on the 1st day of September, 1879, paid the judgment; that at the time of entering bail he was ignorant of the existence of appellee's mortgage and believed the lands of Ferguson to be free from all encumbrances; that appellee was informed of the mistake in the description

Hewitt *et al. v.* Powers.

of the land on the day after the mortgage was executed and negligently omitted to take any steps to secure its correction.

The third paragraph of the answer of the appellant Hewitt alleges that he purchased the real estate in controversy at a sale made by Ferguson's assignee in bankruptcy; that at the time of his purchase he had no knowledge of any encumbrance thereon, except such as the mortgage of the appellee, which was of record, imparted to him; that the appellee knew, the day after the execution of the mortgage, of the mistake in the description of the property and took no steps to have the same corrected.

The first paragraph of the appellee's reply to these answers is a general denial, and the second is addressed to the second and third paragraphs of the answer, and is substantially as follows: That the liens and equities claimed by Hewitt were fully released by his purchase of the property at the assignee's sale, and that the sale was made upon the consideration of $135, and subject to the appellee's lien.

Laying aside all other considerations, we think the second paragraph of reply sufficient, because it avers that the appellant purchased subject to the lien of appellee's mortgage. If he did thus acknowledge and affirm the lien, he is not now in a situation to prevent its enforcement. The effect of such an agreement is, not to bind the grantee personally, but to leave the land bound by the lien and entitle the mortgagee to resort to it for the payment of his mortgage.

The third paragraph of the reply is very badly drawn and, as we think, fatally defective. We copy it in full: "For third and further reply herein to the second paragraph of the separate answer of defendant Hewitt, the plaintiff says that the interest claimed by the defendant in the lands therein described was fully paid and satisfied by the assignee of Zachariah Ferguson before the commencement of this suit; and, at the time said lands were sold to the defendant, the claim for which defendant was replevin bail, together with $135, constituted the consideration for the conveyance by the

assignee to the defendant." It may be that if the reply had ended with the statement that the defendant's claim had been paid, it would have been good, although this is not clear, for the complaint alleges that he has an interest as a purchaser, and it is at least doubtful whether the reply, if it had ended at the point designated, would not have been a departure. However this may be, the specific allegations of the pleading show that the appellant's interest in the land had not been extinguished or divested by payment, and the general statement must fall before the direct and specific averment. If a general allegation of payment should be allowed to prevail against specific statements, we might not unfrequently have a case where the specific statements would show the general one to be entirely unfounded, as, for instance, a case where the general allegation is that the claim was paid, and the specific allegations show the alleged payment to have been made in forged notes or counterfeit money.

If the appellant became replevin bail, as the answer avers, upon the faith and belief that his principal was the owner of the land, and that it was free from encumbrance, the appellee can not have his mortgage reformed and thus sweep away the assets of the principal debtor. This is certainly so in a case like this, where the mortgage was executed to secure an antecedent debt. There is another element which must not be lost sight of, and that is, that the appellee was informed of the mistake in the description of the land the day after the mortgage was executed, and negligently omitted to take any steps to secure a reformation until after the intervention of the rights of a surety who had acted in good faith and without notice. A mistake in the description of land can not be corrected, where the rights of persons acting in good faith, without notice, and who have parted with value or assumed a liability, have intervened.

It is, however, contended that the reply shows the merger of the lien in the deed derived from the assignee. This contention can not prevail, because the technical doctrine of

merger is never allowed force, where it would operate inequitably by unjustly letting in a subordinate lien. *Howe* v. *Woodruff,* 12 Ind. 214; *Troost* v. *Davis,* 31 Ind. 34; *Smith* v. *Ostermeyer,* 68 Ind. 432; *Sidener* v. *Pavey,* 77 Ind. 241; *Lowrey* v. *Byers,* 80 Ind. 443.

If the position of appellee upon this point should be conceded to be correct, it would result in his defeat, for, if the lien was a paramount one and was extinguished by the deed, then the appellant stands as a *bona fide* purchaser for value, against whom a deed can not be reformed, unless it is shown that he had notice of the mistake. The appellee is in a perilous dilemma. If the lien is not extinguished it is in force and paramount to the mortgage; if it is extinguished then the appellant is a *bona fide* purchaser without notice; and in either case the law is with him.

Whatever view may be taken of the reply it is bad, for it confesses but does not avoid the answer.

The judgment must be reversed for the error in overruling the demurrer to the reply, and this renders it unnecessary to discuss the other questions in the case. The correct adjustment of the rights of the parties requires a reversal of the entire judgment as to Hewitt as well as to Sarah Ferguson. The interests of the latter are so closely blended with those of Hewitt, that it is necessary that the whole case should be left open for adjudication in the trial court, and the judgment is, therefore, reversed as to both appellants. In reversing as to Sarah Ferguson, we are not to be understood as sanctioning the doctrine that a mistake in the description of the property contained in a deed may not be corrected as against a married woman; on the contrary it is settled in this State that such a mistake may be corrected. *Styers* v. *Robbins,* 76 Ind. 547.

Judgment reversed.