No. 10,421.

EDINBURG AMERICAN LAND MORTGAGE COMPANY ET AL.
*v.* LATHAM.

SUBROGATION.—*Mortgage Liens.*—*Pleading.*—One who, in ignorance of a junior encumbrance upon land, has paid and cancelled of record a prior lien and taken a mortgage upon that and other land to secure the repayment of the money so used, can not have the cancelled lien revived and enforced in his favor without showing that his security is otherwise insufficient.

SAME.—Subrogation is allowed only when necessary to the ends of justice.

From the Sullivan Circuit Court.

*J. M. Judah*, for appellants.

*J. T. Hays, H. J. Hays, W. S. Maple* and *A. Holmes*, for appellee.

WOODS, C. J.—The question in this case is one of subrogation. The appellee Latham brought the action to foreclose a mortgage upon 120 acres of land made to him by Artemus G. Harrington, who afterwards conveyed the land subject to all liens upon it to David H. Giles, who afterwards mortgaged the same land and another tract of eighty acres to the appellant, the Edinburg American Land Mortgage Company (Limited), to secure the repayment of the sum of $1,600 loaned him by that company. This money was borrowed upon the understanding and agreement that it should be applied, and it was applied by the appellant, the Land Mortgage Company, to the payment of certain judgments against Harrington, which were a lien upon the land when conveyed to Giles, and were prior to the lien of the appellee's mortgage, which, though duly recorded, was not known to Giles when he received his deed, nor when he made the mortgage to the appellant, the Land Mortgage Company. The said company was likewise ignorant of the mortgage to the appellee, and paid off the prior judgments under the belief that they constituted the only encumbrances upon the land, and that, by so doing, it obtained a first lien for the moneys so loaned to Giles and used in payment of the prior liens. These facts the appellant, the company aforesaid, set up both in an answer and a cross complaint, alleging further that Giles is insolvent, and praying subrogation to the rights of the prior judgment lien holders. The circuit court sustained demurrers to both the answer and the cross complaint; and on the authority of the decisions in *Sidener* v. *Pavey*, 77 Ind. 241, and *Ayers* v. *Adams*, 82 Ind. 109, it is claimed that the ruling was erroneous.

Conceding that one who, in ignorance of a junior encumbrance, has paid and cancelled of record a prior lien, may, on the principles of subrogation, have the latter revived and en-

forced, if necessary for his protection, we think it clear that such relief ought not to be granted unless the necessity for it be distinctly shown. This has not been done in this instance. There is no averment in reference to the value of the mortgaged lands, upon eighty acres of which the appellant's mortgage, it appears, is the sole encumbrance; and upon the remaining 120 acres the prior lien decreed in favor of the appellee is for a sum less than $800.

Judgment affirmed.