Cockrum *et al. v.* West.

Filed Feb. 27, 1890.

No. 13,971.

COCKRUM ET AL. *v.* WEST.

SUBROGATION.—*Taxes.—Transfer of by Auditor.—Sale for Non-Payment.*—J. C. was the owner of two tracts of land—80 acres and 320 acres. He suffered the taxes on the 320-acre tract to become delinquent, but kept them paid up on the 80-acre tract. He mortgaged the 80-acre tract. It was afterwards sold by the mortgagee under a decree of foreclosure, and the certificate of purchase assigned to A. W., who obtained a sheriff's deed. J. C., subsequent to the execution of the mortgage on the 80 acres, sold the 320 acres to W. C. and others. The taxes accrued on the 320-acre tract were transferred by the auditor of the county to the 80-acre tract, which was thereupon sold for their non-payment.

*Held,* that A. W. was entitled to be subrogated to the lien held by the State against the 320-acre tract.

*Held,* also, that as the 320 acres was primarily liable for the tax for which the 80 acres was sold, the purchasers of the former tract can not take advantage of the auditor's act in making the transfer.

From the Pike Circuit Court.

*J. W. Wilson* and *E. A. Ely,* for appellants.

*E. P. Richardson* and *A. H. Taylor,* for appellee.

COFFEY, J.—The only questions involved in this case re-

late to the sufficiency of the complaint as a cause of action, and to the sufficiency of the second paragraph of the answer thereto.

The complaint alleges, substantially, that on the first day of January, 1875, one James M. Cockrum was the owner of the southeast quarter of section 33, and the southwest quarter of section 34, in township 1 south, of range 8 west, in Pike county, Indiana, containing 320 acres, and that he continued to own the same until the 12th day of January, 1880, when he sold and conveyed the same to the appellants ; that while he so owned the same he neglected to pay the taxes assessed thereon, and the same, by reason thereof, was returned delinquent by the treasurer of Pike county for the years 1875, 1876, 1877, 1878, and 1879, amounting to the sum of $157.15, including penalties; that on the 16th day of December, 1878, the said James M. Cockrum became the owner of the west half of the northwest quarter of section 9, in township 2 south, of range 8 west, in Pike county, Indiana, containing 80 acres, upon which he caused all the taxes to be paid in full ; that on the 10th day of September, 1879, the said James M. Cockrum and his wife executed to Lottie McConnell a mortgage, with full covenants of warranty, on said eighty-acre tract to secure the payment of a note of $1,000, which mortgage was duly recorded ; that at the November term, 1882, of the Pike Circuit Court, the said Lottie McConnell foreclosed her said mortgage, sold said eighty-acre tract of land on a certified copy of the decree, and bid the same in for the sum of $1,200 ; that she assigned the certificate of purchase to the appellee, who obtained a sheriff's deed thereon ; that the auditor of said county transferred the taxes accrued against said three hundred and twenty acre tract of land to said eighty-acre tract, and on the 28th day of March, 1881, sold said eighty-acre tract for the non-payment of said taxes and in satisfaction thereof to William Rowe, and issued to him a certificate of purchase therefor ; that Rowe assigned said cer-

tificate to Peter M. Cockrum, who obtained a tax deed for said land, and at the June term, 1886, in an action to quiet title to said land, in the Pike Circuit Court, obtained a finding in his favor for the amount of taxes, interest, and penalty due thereon, and, on the 19th day of February, 1887, sold said land for the sum of $430, on a certified copy of said decree in satisfaction thereof ; that said James M. Cockrum had no personal property in said county at any time while the owner of any of said real estate ; that the land of the plaintiff was sold to pay the taxes assessed against the said three hundred and twenty-acre tract solely, and not for the payment of any tax, or other lien, against the said eighty-acre tract. Prayer for judgment for $500, and that the same be declared a lien on said three hundred and twenty-acre tract of land.

The appellants demurred to this complaint, but the demurrer was overruled, and they then filed an answer in two paragraphs, the first being a general denial.

The second pleads the decree rendered in favor of Peter M. Cockrum against the appellee in the suit above named to quiet title on his tax deed, as an estoppel in this case. To this answer the court sustained a demurrer.

A trial of the cause resulted in a finding and judgment against the appellants for the sum of $439.05, from which they appeal, and assign error calling in question the ruling of the court in overruling a demurrer to the complaint, and in sustaining a demurrer to the second paragraph of the appellants' answer.

It is insisted by the appellants that this action is based upon the provisions contained in sections 6474 and 6475, R. S. 1881, and that as the lands described in the complaint were all owned by James M. Cockrum at the time the taxes accrued, the provisions of said sections do not apply, and that for this reason the complaint does not state facts sufficient to constitute a cause of action.

Section 6474, *supra*, provides that "Whenever the lands of

any one person shall be sold for taxes assessed conjointly on the lands of such person and the lands of another person, and such other person shall not pay his due proportion, the person whose lands shall be sold may redeem the same by paying the amount due to the purchaser ; and he shall be entitled to recover from such other person whose lands were assessed with his, a just proportion of the redemption money so paid, with lawful interest from the time of such redemption, but no suit shall be brought for the recovery of such proportion until after the expiration of the time allowed for redemption."

Section 6475 provides that " If such owner shall not redeem the lands sold, and the same shall be conveyed by the county auditor, such owner may recover from such other person the same proportion of the value of the land sold and conveyed that he ought to have paid of the taxes, interest, and charges for which the land shall have been sold. "

It is evident that the facts stated in the complaint before us do not bring the case within the provisions of these statutes. They apply to cases where lands are assessed to two or more persons having an undivided interest in lands, and not to a case like this, where the lands assessed were all owned by the same person. The question, therefore, is, does the complaint state facts sufficient to constitute a cause of action independent of the statute? It will be observed that while James M. Cockrum was the owner of the whole of the land described in the complaint he mortgaged eighty acres of the same to Lottie McConnell to secure the payment of $1,000, and caused all the taxes assessed against that tract to be fully paid. He subsequently sold the other tract of three hundred and twenty acres to the appellants. These facts, together with the other allegations in the complaint, make a clear case, we think, for subrogation. It was the duty of James M. Cockrum to pay the taxes assessed against the three hundred and twenty-acre tract of land, and thus preserve the security given for the payment of the $1,000. It is true that the

taxes assessed against this tract were a lien on all the lands owned by him, but in equity this tract should have been exhausted before resort was had to the eighty-acre tract mortgaged. *Merritt* v. *Richey,* 97 Ind. 236; *Day* v. *Patterson,* 18 Ind. 114; *Sidener* v. *White,* 46 Ind. 588; *Houston* v. *Houston,* 67 Ind. 276.

One who for the protection of his own property is compelled to pay a debt, to which he is a stranger, and for the payment of which another is legally or equitably bound, becomes entitled, on the principle of subrogation, to avail himself of all the remedies to which the person to whom the payment was made was entitled. In such case the party paying the money for the protection of his property may maintain an equitable suit as for money paid for the use of the other. *Weiss* v. *Guerineau,* 109 Ind. 438; *Lowery* v. *Byers,* 80 Ind. 443; *Edinburg, etc., Co.* v. *Latham,* 88 Ind. 88. In the case of *Lowery* v. *Byers, supra,* it was said that " Subrogation takes place where one pays a debt which another was justly liable to pay, and the payment is made to discharge the property of the person paying from an encumbrance."

In this case the land held by the appellants was justly and primarily bound to pay the tax which had been paid by the property of the appellee, and we think that under the circumstances attending the case before us, the appellee was entitled to be subrogated to the lien held by the State against the land conveyed by James M. Cockrum to the appellants.

The second paragraph of the answer was no defence to the case made by the complaint in this case. The sale of the lands owned by the appellee transferred the lien of the State to this particular tract, and the purchaser had the right to enforce it against that tract. *Ludlow* v. *Ludlow,* 109 Ind. 199. But as the land of the appellants was primarily liable for the tax for which the appellee's land was sold, they do not stand in a situation to take advantage of the act of the auditor. To permit them to do so would be to permit them

to take advantage of the wrong perpetrated by a public officer and shift a burden which equitably rested upon them to another.

This case is to be distinguished from the case of *Ludlow* v. *Ludlow, supra,* in this, in that case the sale for taxes had been made before the execution of the mortgage therein involved, and in this, the sale was made afterwards.

It is probably true that the appellee was not entitled to a personal judgment in this case. He was entitled to a finding of the amount due and a decree ordering the sale of the land conveyed to the appellants, for the payment of the same. But no objection was made to the form of the judgment in the circuit court, and for that reason no such objection can be raised here. *Clark* v. *Wilson,* 77 Ind. 176; *Evans* v. *Feeny,* 81 Ind. 532; *Stephenson* v. *Ballard,* 82 Ind. 87.

We are of the opinion that the court did not err in overruling the demurrer to the complaint, nor did it err in sustaining the demurrer to the second paragraph of the answer.

Judgment affirmed.

Filed Dec. 10, 1889; petition for a rehearing overruled Feb. 28, 1890.