Erwin *et al. v.* Acker *et al.*

No. 14,035.

ERWIN ET AL. *v.* ACKER ET AL.

MORTGAGE.—*Junior Mortgagee.*—*Payment of Senior Mortgage.*—*Subrogation.* —Where a junior mortgagee pays off a senior mortgage in order to protect his lien, the payment does not extinguish the older mortgage, but it will be kept alive by equity for the protection of the mortgagee.

SAME.—*Mechanic's Lien.*—*Priorities.*—*Subrogation.*—The purchaser of lots one and two, to secure the purchase-money, executed a mortgage on said lots, which was recorded January 7th, 1884. The purchaser, as he supposed, took possession of lots one and two, and on April 30th, 1884, began the erection of a house. Various persons sold to the purchaser materials to build the house; notices of their intention to hold liens were filed, and in a suit to foreclose the liens a decree was rendered in which it was declared that the liens attached as of the date of April 1st, 1884. During the time the purchaser was erecting the house referred to it was supposed that he was in possession of lots one and two; but on July 24th, 1884, it was discovered that he had erected the house on lots one and six. The purchaser, who had not then recorded his deeds to lots one and two, surrendered it to the vendor, and took a deed for lots one and six, and at the same time executed a purchase-money mortgage. The vendor transferred the note and mortgage, the transferrees holding a part of the mechanic's liens referred to. The plaintiffs, to whom the purchaser executed a mortgage for the property after the execution of the purchase-money mortgage, were compelled to pay the senior mortgage held by the transferrees to protect their junior lien. The transferrees, upon receiving the amount due on their mortgage, delivered it to the plaintiffs.

*Held,* that the plaintiffs became subrogated to the rights of the owners of the senior mortgage, and that such owners were not in a position to defeat the plaintiffs, from whom they accepted payment of the senior mortgage, by setting up the mechanic's liens held by them at the time of the payment of the mortgage, and of which they averred the plaintiffs had notice.

PLEADING.—*Complaint.*—*Demurrer.*—A complaint which shows the plaintiff entitled to some relief will prevail against a demurrer.

From the Marshall Circuit Court.

*A. C. Capron,* for appellants.

*J. W. Parks* and *H. Corbin,* for appellees.

ELLIOTT. J.—The appellees allege in their complaint that James W. Cecil executed to Brodie W. Parks a mortgage

upon lots numbered one˙and six in the town of Bourbon, to secure a promissory note executed by him for the purchase-money; that the mortgage was duly recorded; that Parks endorsed the note to Matthew Erwin and Oliver F. Ketcham; that after the execution of the mortgage to Parks, Cecil executed a mortgage to the appellees upon the same property; that the appellees were compelled to pay the senior mortgage held by Erwin and Ketcham to protect their junior lien, and that Erwin and Ketcham, upon receiving the amount due upon their mortgage, delivered it to the appellees. It is further alleged that upon the purchase of the mortgaged property by Cecil, he constructed thereon a brick building; that Matthew Erwin, Oliver Ketcham, William Bristol, and Jay B. Boulton furnished material for the building, and performed labor upon it; that the persons last named prior to the first day of September, 1884, filed a notice of their intention to hold a mechanic's lien on the property, and that on the 26th day of February, 1885, they obtained a decree against Cecil foreclosing their lien.

We are unable to perceive any substantial infirmity in the complaint, which we have outlined. The appellees, as holders of the junior mortgage, had a right to pay off the senior mortgage, and upon payment they were subrogated to the rights of the owners of that mortgage. Where a junior mortgagee pays off a senior mortgage in order to protect his lien, the payment does not extinguish the older mortgage, but it will be kept alive by equity for the protection of the junior mortgagee. *Lowrey* v. *Byers,* 80 Ind. 443; *Patterson* v. *Birdsall,* 6 Hun, 632; *Averill* v. *Taylor,* 8 N. Y. 44; *Ellsworth* v. *Lockwood,* 42 N. Y. 89.

It has long been the doctrine of this court that a complaint which shows the plaintiff entitled to some relief will prevail against a demurrer. *Bayless* v. *Glenn,* 72 Ind. 5. That rule governs here, for the complaint shows that the appellees are the holders of a mortgage upon which they are entitled to a decree of foreclosure.

The allegations of the answer of the appellants Erwin and Ketcham are, in substance, as follows : That the appellees did pay off the purchase-money mortgage as alleged ; that Brodie W. Parks sold and conveyed the property described in it to James W. Cecil on the 1st day of December, 1883 ; that at the time of the conveyance the vendor did not take any mortgage, and that on the 3d day of April, 1884, Cecil, the vendee, began the erection of a house thereon ; that between the 3d day of April, 1884, and the 1st day of August of that year, divers persons sold to Cecil materials to build the house erected by him ; that Jay B. Boulton performed labor to the value of $76.50, that William Bristol performed work to the value of $84.70, that Oliver F. Ketcham furnished materials to the value of $141.26, that Matthew Erwin furnished materials to the value of $86.25, and that the appellees furnished materials to the value of $86.25 ; that all of the persons named filed notices of their intention to hold liens upon the property ; that suit was brought to foreclose the liens, and a decree of foreclosure was rendered ; that it was declared in the decree that the liens attached as of the date of April 1st, 1884 ; that, on the 24th day of July, 1884, Parks obtained a mortgage for the purchase-money ; that after the decree foreclosing the liens of the mechanics and material men, the appellees obtained a decree foreclosing their junior mortgage ; that, on the 14th day of April, 1885, the appellees purchased the claims of Boulton and Bristol, and obtained an assignment of them ; that, on the 25th day of June, 1885, a certified copy of the decree of foreclosure obtained by the mechanics and material men was issued to the sheriff ; that a sale was made thereon ; that the appellees redeemed from the sale, and that the appellants Erwin and Ketcham received the sum of $250 on their judgment ; that in the meantime Cecil sold and conveyed the property to William Erwin, who conveyed to Susan Erwin, and she redeemed the property ; that the appellants Matthew

Erwin and Oliver F. Ketcham did own the purchase-money mortgage, and did receive payment from the appellees, but at the time of the payment of that mortgage the appellees knew that they, Erwin and Ketcham, held a mechanic's lien on the mortgaged property.

The appellees, in reply to this answer, averred that, on the 1st day of December, 1883, Cecil purchased lots one and two in the town of Bourbon from Brodie W. Parks; that to secure the purchase-money Cecil executed a mortgage on those lots to Parks; that the mortgage was duly recorded January 7th, 1884; that Cecil, as he supposed, took possession of lots one and two; that during the time Cecil was erecting the house referred to in the answer it was supposed that he was in possession of lots one and two; that, on the 24th day of July, 1884, it was discovered that Cecil had in fact erected the house on lots one and six; that Cecil had not then recorded his deed to lots one and two; that he surrendered it to Parks and took a deed for lots one and six, and at the same time executed the mortgage in suit to secure the purchase-money.

The reply is good. As to lot one the original mortgage was unquestionably valid, and constituted the senior lien, and this lien was not lost by the acceptance of the mortgage upon lots one and six. Lot six did not belong to Cecil until July 24th, 1884, and on that day, and contemporaneously with the conveyance, Parks, the vendor, took a mortgage to secure the purchase-money. It would be against equity and good conscience to deprive the vendor of his lien for the purchase-money, for he was guilty of no wrong. He had a valid senior lien, and he transferred it to Erwin and Ketcham when he delivered the note and mortgage, and the appellees succeeded to this lien when they paid the amount of the first mortgage lien to Erwin and Ketcham. The appellants Erwin and Ketcham are not in a situation to defeat the junior encumbrancer, from whom they accepted payment of the

senior mortgage. Phillips Mechanics' Liens (2d ed.), sections 243, 244, 246.

