Shattuck v. Cox.

No. 14,016.

SHATTUCK v. COX.

SUBROGATION.— *Volunteer.—Note Given by Third Person in Payment of Judgment.—Subrogated to Lien of Judgment.—Judgment Over.*—The owner of land gave a mortgage upon it, which was foreclosed, and the land bought in at sheriff's sale by the mortgagee for one-half the amount of the debt. The plaintiff, after the sale, filed a transcript of the judgment in an adjoining county. One C., by agreement all around, then executed his note, for four-fifths of the debt to the mortgagee, and the mortgagor agreed with C. to pay the remainder due on the foreclosure, and he had so paid him. By agreement C. took an assignment of the sheriff's certificate as a security for the liability he incurred in giving the note to the mortgagee. C. was compelled to pay the note he had given. *Held,* that C. was entitled to be subrogated to the lien of the judgment upon the land in the county where it was rendered, and was also entitled to a judgment for the sum in excess of the value of the land.

From the Clay Circuit Court.

*N. G. Buff,* for appellant.

*G. A. Knight, J. G. Williams* and *J. T. Scott,* for appellee.

ELLIOTT, J.—The facts stated in the appellee's complaint are, in substance, these: On the 19th day of April, 1872, the appellant was indebted to John Collier in the sum of twenty-five hundred dollars, and to secure the payment of the debt executed a mortgage on land in Sullivan county. In October, 1873, Collier instituted a suit to foreclose the mortgage, and on the 21st day of January, 1874, obtained a judgment for $2,210.75, and a decree of foreclosure. On the 29th day of August, of that year, Collier bought the land at the sale made by the sheriff upon the decree, and received a certificate. He bid for the land $1,250. On the 25th day of April, 1875, he filed a transcript of the judgment in the clerk's office of Vigo county. Appellant desired to redeem the Sullivan county land, and he proposed to Cox, the appellee, that he should execute his promissory note for $2,000, and thus effect the redemption, and he

also agreed to secure the money to pay the remainder due upon the Collier judgment. To indemnify the appellee against loss on the $2,000 note it was agreed that he should obtain from Collier an assignment of the sheriff's certificate. Five days prior to the expiration of the year for redemption, the appellee executed to Collier his note' for $2,000, and the appellant paid to Collier the sum of five hundred dollars. Pursuant to the agreement of all the parties, Collier assigned the certificate to Cox, and also assigned the judgment. Appellee was compelled to pay, and did pay, the note to Collier. Of the sum paid by the appellee the appellant repaid to him $129, leaving' the remainder entirely unpaid. The complaint asks that the lien of the judgment upon the Sullivan county land be enforced and that the plaintiff be awarded judgment for the sum in excess of the value of that land.

The complaint is unquestionably good. The appellee paid the money at the request of the appellant and to save his property, so that there is privity of contract. As the appellee was not a volunteer he was entitled to be subrogated to all the rights of Collier under the judgment and certificate. *Lowrey* v. *Byers*, 80 Ind. 443. It would be iniquitous to permit the appellant to secure the benefit òf the appellee's money and deny the appellee the right to the security which the creditor held. As the Sullivan county land was not of sufficient value to pay the debt due the appellee he was entitled to judgment for the remainder of his claim.

The complaint is good as to all the relief prayed, but if it were good only as to part it would repel a demurrer. *Bayless* v. *Glenn*, 72 Ind. 5.

The appellee's counsel stoutly contend—and their contention is supported by the record recitals—that it affirmatively appears that the evidence is nòt all in the record. As the evidence is not all in the record we can not consider

Board of Comm'rs of Fountain Co. *v.* Board of Comm'rs of Warren Co.

the question whether the finding of the trial court is or is not sufficiently supported.

No motion was made to modify the judgment, nor is there any specification of error challenging the sufficiency of the decree or the special finding.

Judgment affirmed.

COFFEY, J., did not take any part in the decision of this case.

Filed May 16, 1891.