Backer *v.* Pyne *et al.*

Filed Feb. 5, 1892.

———————

No. 15,550.

## BACKER *v.* PYNE ET AL.

FRAUD.—*False Representations as to Fact in Public Record.—Relying Upon.* —A false representation made for a fraudulent purpose may be relied upon by the person to whom it is made, although the representation is of a fact contained in a public record.

SAME.—*Notice of Facts in Public Record.—Duty to Take.*—Persons are bound, in the absence of fraud, to take notice of the facts exhibited in a public record.

SUBROGATION.—*Fraudulent Representations of Debtors.—Money Advanced to Pay off Liens and Redeem from Sale.*—If a debtor, by fraudulent representations, induces a person to advance money to pay off liens, redeem the debtor's property from sale, and to release his own judgment, which is a lien on such property, such person will be subrogated, as against such debtor, to the rights of the persons whose liens his money went to pay.

Backer *v.* Pyne *et al.*

SAME.— *Volunteer.*— *Who is Not.*—A person who advances money to pay off liens and protect his own interests is not a volunteer.

SAME.—*Keeping Lien Alive.*—A lien will be kept alive where equity requires it and the parties intended that it should not be extinguished.

SAME.—*Subsequent Lien Holder.*— *When Subrogated to Lien Prior to Lien of Third Person.*—Money paid by a mortgagee, to remove prior liens, under the belief, induced by fraudulent representations of the mortgagor, that his mortgage would become the senior lien, is entitled to be subrogated to the liens he has thus paid off as against a person who knew nothing of such representations, and whose lien is prior to the mortgage lien and junior to the liens satisfied.

REDEMPTION.—*Day for Falling on Sunday.*—Where the last day of the redemption year falls on Sunday, the land may be redeemed on the following Monday.

SAME.—*Computation of Time.*—In computing the time within which a redemption from a sheriff's sale may be made, the day of sale must be excluded.

From the Perry Circuit Court.

*W. Henning, A. Gilchrist* and *C. A. De Bruler,* for appellant.

*C. H. Mason* and *S. K. Connor,* for appellees.

ELLIOTT, C. J.—The complaint of the appellee states these material facts : On the 12th day of May, 1888, the appellee recovered judgment against John B. Friedl for thirteen hundred and seven dollars. At the time the judgment was recovered there were several other judgments against Friedl prior to that recovered by the appellee. One of the prior judgments was in favor of John Richardt. On this judgment an execution was issued, and the real estate in controversy sold. John T. Patrick bought the land from the purchaser at the sale and received a certificate from the sheriff. On the 22d day of June, 1888, Friedl asked the appellee to assist him in paying the lien acquired by Patrick, and falsely and fraudulently represented to him that his judgment and the lien of Patrick were the only liens on the land, except a judgment in favor of Sarah Cooper and one in favor of Joshua H. Grover. The appellee consented to

advance the money required to redeem the land from the sale made to Patrick on the Richardt judgment, and Friedl agreed to execute a mortgage to secure the appellee. The money was advanced and the mortgage executed. The land was redeemed from the sale made to Patrick on the Richardt judgment, and Friedl received from the clerk a certificate of redemption. Relying upon the representations of Friedl, the appellee entered satisfaction of the judgment in his favor against Friedl. He received no consideration for such entry of satisfaction except the promise, and the mortgage executed by his debtor. After the entry of satisfaction the appellee learned that the appellant held an unsatisfied judgment against Friedl, amounting to fifteen hundred dollars. The appellant claims that he is the holder of a deed from the sheriff executed pursuant to a sale made upon his judgment, and that his rights and interests are paramount to those of the appellee. On the 10th day of June, 1889, the redemption was made from the sale to Patrick, that day of the week being Monday. The judgment on which the sale to Patrick was made was rendered on the 3d day of May, 1887; the Beilefield judgment was rendered on the 13th day of the same month; the appellant's judgment was rendered on the 8th day of July, 1887, and the appellee's judgment was rendered on the 12th day of May, 1888.

It appears from our synopsis of the complaint that the lien of the Richardt judgment is the paramount one, and the sale to Patrick the senior sale, so that if the appellee succeeded to the rights of Patrick he has a senior lien; and if he has such a lien the rights of the appellant ought, in equity and good conscience, to yield to his senior lien. If the equities of the appellee are strong enough to entitle him to subrogation as against the appellant, equity will decree subrogation, and remove all obstacles to its effective operation.

If the question were confined to Friedl, the judgment debtor, and the appellee, the case would be entirely free from difficulty. There can be no doubt that the representations

of Friedl were fraudulent, nor can there be any doubt that the appellee had a right to rely on them. It is established law that a false representation made for a fraudulent purpose may be relied upon by the party to whom it is made, although the representation is of a fact contained in a public record. *Campbell* v. *Frankem,* 65 Ind. 591; *Dodge* v. *Pope,* 93 Ind. 480 (486); *Ledbetter* v. *Davis,* 121 Ind. 119; *Fisher* v. *Tuller,* 122 Ind. 31 (34); *Bristol* v. *Braidwood,* 28 Mich. 191.

If the appellee and the judgment debtor were here the only litigants, we should not have the slightest hesitation in adjudging that as the false representations of the debtor induced the appellee to advance the money, pay the liens, redeem the property and satisfy his own judgment, the latter is entitled to subrogation to the rights of the persons whose liens his money went to pay. *Shattuck* v. *Cox,* 128 Ind. 293; *Lowrey* v. *Byers,* 80 Ind. 443. What fraud creates, equity will destroy; and as the fraud of the debtor is the only obstacle that bars the appellee's way to a complete right under his mortgage equity would destroy that obstacle, if the author of the fraud were the only person interested. But the appellant is an interested party, and he is not connected with the fraud of the judgment debtor. It is because his interests are involved, and not because those of the debtor are affected, that the case is one of some difficulty.

The appellant possessed rights under his judgment, and of those rights the appellee was chargeable with notice. Parties are bound, in the absence of fraud, to take notice of the facts exhibited in a public record. *Taylor* v. *Morgan,* 86 Ind. 295; *Caley* v. *Morgan,* 114 Ind. 350. We must, therefore, consider and decide this case upon the theory that the appellee had notice of the rights of the appellant, in so far as they were disclosed by the record.

The rights of the appellant under his judgment were subordinate to those of the holder of the Patrick claim, so that

if the appellee is subrogated to the rights of Patrick, he neces-
sarily possesses the senior right. We think he is subrogated
to those rights. He was in no sense a volunteer, for he had
his own judgment, which gave him an interest he had a right
to protect, and, moreover, he advanced money to pay off liens
upon the faith of the debtor's representations. The money
he advanced was used to pay off liens, and it was their pay-
ment that lets in the lien of the appellant, if it can come in
at all. If the sale on the Richardt judgment had not been
vacated, it would have completely cut off all junior liens.
It is clear that there was a right to pay subsisting liens, that
the appellee believed that he was protecting his own interests
by paying them, and that there was no intention on his part
to extinguish any prior lien, so as to let in junior liens
such as that of the appellant. If the prior lien is not ex-
tinguished, it exists in some person ; and that person must be
the appellee, for he advanced the money which paid it, but
he did not advance it to extinguish the lien. On the con-
trary, he advanced the money with the intention of protect-
ing an interest that he had a right to protect, and his equities
are superior to those of the appellant. He does not displace
or crowd out the lien of the appellant, for he can only secure
the senior lien by his right of subrogation to the lien of
Patrick, which is the paramount one. His own judgment
does not mount above that of the appellant. It is a familiar
principle of equity jurisprudence that a lien will be kept
alive where equity requires it, and the parties intended that
it should not be extinguished. *Troost* v. *Davis,* 31 Ind. 34 ;
*Hanlon* v. *Doherty,* 109 Ind. 37 ; *Strohm* v. *Good,* 113 Ind.
93 ; *Elston* v. *Castor,* 101 Ind. 426 (51 Am. Rep. 751) ; *Hew-
itt* v. *Powers,* 84 Ind. 295 ; *Smith* v. *Ostermeyer,* 68 Ind. 432 ;
*Howe* v. *Woodruff,* 12 Ind. 214.

The doctrine of subrogation is applicable here, notwith-
standing the fact that the rights of a third person have in-
tervened. Here the third person has in no respect changed
position ; he has done nothing upon the faith of the acts

performed by the party who invokes the doctrine of subrogation. He holds the same debt and the same security that he held before the appellee acted in the matter. His claim is that he occupies a better position than he would have done had there been no redemption from the Patrick sale. He asks to profit by the acts of another who believed that he was protecting his own interests and preventing the sacrifice of property by advancing money to his embarrassed debtor. Clearly, the right of subrogation existed as against the debtor, and the position of the appellant, although he is a third person, is not such as to defeat the right. *Payne* v. *Hathaway*, 3 Vt. 212. The money was paid by the appellee under the belief that his mortgage became the senior lien, and he is entitled to seize whatever liens he paid that will protect him from the claims of persons whose liens are junior to those he paid. *Sidener* v. *Pavey*, 77 Ind. 241; *Johnson* v. *Barrett*, 117 Ind. 551; *Morrow* v. *United States, etc., Co.*, 96 Ind. 21; *Bodkin* v. *Merit*, 102 Ind. 293; *Weiss* v. *Guerineau*, 109 Ind. 438; *Cockrum* v. *West*, 122 Ind. 372; *Erwin* v. *Acker*, 126 Ind. 133. The appellee did not, therefore, redeem simply as a judgment creditor or mortgagee, but in the capacity of owner; for the advancement of the money to the owner for that specific purpose, and the use of it for that purpose by him, entitle the appellee to full subrogation to his rights. But, having redeemed, all his rights as a lien-holder attach, and may be enforced. The redemption, it is true, was directly made by the judgment debtor, but it was made with the money advanced to him by the appellee for that purpose, and one of the principal reasons for advancing the money was to give seniority to the appellee's mortgage, so that the redemption enured to the benefit of the appellee. The authorities to which we have referred sustain this conclusion, and it is sustained by other decisions. It is sustained by the cases which hold that where money is loaned to an infant, and he uses it in buying necessaries, the lender is subrogated to the rights of the

seller of these articles. *Price* v. *Sanders*, 60 Ind. 310; *Conn* v. *Coburn*, 7 N. H. 368. It is sustained by the cases which hold that where a party is compelled to pay a bond executed by an officer, he is subrogated to the rights of the state or nation to whom the bond was executed. *Hunter* v. *United States*, 5 Pet. 173; *Robertson* v. *Trigg*, 32 Gratt. 76. It is sustained by the many cases which hold that where one pays off a senior mortgage upon a representation of the mortgagor that it is the only lien on the land, he is entitled to subrogation to the rights of the mortgagee. *Sidener* v. *Pavey, supra,* and authorities cited.

The complaint states facts entitling the plaintiff to some relief, and such a complaint is good against a demurrer, so that we need not inquire whether it does or does not entitle the appellee to all the relief prayed. *Bayless* v. *Glenn,* 72 Ind. 5.

Counsel on both sides assume that the question as to the correctness of the ruling denying a new trial is before us, and we shall so treat it, although it very clearly appears from the assignment of errors that no such question is presented.

The only point that we need give attention in considering the ruling denying the motion for a new . trial, is that made by appellant's counsel as to the rule for computing the time for redemption. Their contention is that as the sale was made on the 9th day of June, 1888, and the money was paid to the clerk and a right to redeem asserted on the 10th day of June, 1889, the attempt was ineffective. As the 9th day of June, 1889, fell on Sunday, the redemption was well made on the Monday following, provided a redemption on Sunday, the 9th, would have been effective. Where the last day for redemption is Sunday, it may be made on the next day. Section 1280, R. S. 1881; *Hogue* v. *McClintock,* 76 Ind. 205.

It is contended, however, that the year for redemption expired on the 8th day of June, 1889, and that a redemption on the 9th day of that month would not have been sufficient. We think it clear that the statutory rule for the computa-

tion of time governs the case, and under that rule the day of the sale must be excluded. Our decisions have applied the rule to all cases affecting matters of statutory procedure. *State, ex rel.,* v. *Thorn,* 28 Ind. 306; *Towell* v. *Hollweg,* 81 Ind. 154; *English* v. *Dickey,* 128 Ind. 174. The decision in *Liggett* v. *Firestone,* 96 Ind. 260, was not directed to the question of the rule for the computation of time; the only question there decided was that the year for redemption did not begin to run until the payment of the bid by the purchaser at the sheriff's sale. What was there said is to be understood as addressed to the question there under investigation, and, thus understood, it does not affect the question here under consideration.

Judgment affirmed.

Filed Feb. 4, 1892.