Filed December 17, 1895.

---

No. 17,676.

MILBURN *v.* PHILLIPS ET AL.

SUBROGATION.—*Purchaser at Invalid Execution Sale.—Sheriff's Deed. —Redemption.—Appeal.*—A judgment creditor who purchases certain land at a sale on execution issued under his judgment, and receives a sheriff's deed which is held invalid on appeal because of the sheriff's failure to have appraised the rents and profits of the land sold, is entitled to be subrogated to the rights of a prior judgment creditor to whom the same land is sold under his judgment, where he redeems the land from such sale pending his appeal, although such redemption is made not as a junior judgment creditor, but as the owner of the land.

From the Clinton Circuit Court.

*Palmer & Palmer*, for appellant.

*W. R. Moore*, for appellees.

JORDAN, J.—Appellees sued to set aside a satisfaction of a certain judgment, and for subrogation. A trial resulted in a decree in their favor from which appellant appeals.

The complaint alleges and the evidence sustains, substantially the following facts:

On May 3, 1889, appellee, Phydella Phillips, and

one Marion Phillips recovered a judgment against the appellant, Joseph E. Milburn, in the Clinton Circuit Court, for $549.25. At the date of the rendition of said judgment, appellant was the owner of certain described real estate, situated in Clinton county. An execution was issued on this judgment, and said land was sold by the sheriff of that county to appellees, in satisfaction thereof, for the sum of $534.00, which they paid, and there being no redemption from said sale, within the time allowed by law, a sheriff's deed was executed to them for the land. Subsequently to the execution of this deed an action was instituted by one Robert C. Milburn, against appellees, in which, also, appellant was a party to the cross-complaint therein to set aside this deed, in which action said deed was by the lower court adjudged to be valid. An appeal was prosecuted to this court by Milburn, which resulted in a holding that the deed was invalid, by reason of the sheriff's failure to have the rents and profits of the land sold appraised, and the judgment was reversed. *Milburn* v. *Phillips*, 136 Ind. 680. Prior to the judgment obtained by Phydella Phillips against appellant, one William N. Cliff, recovered a judgment in the Clinton Circuit Court against appellant, and Robert C. Milburn for $136.00, which became, and was a senior lien upon the land in question. The realty was sold under this judgment by the sheriff to Cliff, who assigned his certificate of purchase to one Ball, and within the year allowed for redemption, to-wit: On April 9, 1892, and while the appeal above mentioned was pending undecided in the supreme court, appellees claiming to be the owners of the land by virtue of their sheriff's deed, paid to the clerk of the court the sum of $236.62 in full of the redemption of said land under the sale thereof to Cliff, which sum was paid by the clerk

to Ball, the holder of the sheriff's certificate, and accepted by him as the amount in full upon redemption.

Appellees prayed in their complaint to be subrogated in equity to the rights of a redeeming creditor under the sale of the land to Cliff, and that the satisfaction of the Phillips judgment, under the sale made to them by the sheriff, be vacated, and that the court order the sale of said real estate to satisfy the amount now due on said judgment, as well as that due on the sum paid by them upon the redemption mentioned, and for all other and proper relief. Upon the trial, the court adjudged and decreed this relief, in favor of appellees.

In as much as the appellees' title to the land, under the sale by the sheriff to them, proved to be invalid by reason of his omission in his proceedings to sell, as mentioned, they were clearly entitled, under section 777, R. S. 1894, section 765, R. S. 1881, to have the satisfaction of the judgment entered by virtue of the money so paid by them under the sale by that officer, vacated, and to be subrogated to the rights of the judgment creditor. But appellant further contends that as to the money paid by appellees in redeeming the land from the sale upon the Cliff judgment, they ought not to be subrogated, for the reason, as his counsel urge, they redeemed as owners of the land, and as it was subsequently decided by this court that the sale, under which they purchased, was invalid, they were placed in the attitude of mere volunteers, and, under the facts, in no respect have they the right to be subrogated to the rights of a redeeming creditor. There is no force in this contention. Appellees cannot be said to be mere volunteers in the act of redemption in question. When they exercised this right, they were the holders of a sheriff's deed for the land. The validity of this convey-

ance, it is true, had been questioned, but it had been confirmed by the judgment of the circuit court.   They, to say the least, had a colorable title to the real· estate in controversy ; and believing themselves to be the owners thereof, they, in good faith, assumed to redeem the property from a sale on a senior judgment in order to prevent it from being swept from under them, which would have been the result had they allowed the period of redemption to have expired.   Ball, the holder of the certificate of purchase under the Cliff judgment, and the only person who could have interposed an objection to the redemption by them, recognized their right to redeem, by accepting the money paid by them to the clerk.   *Hervey* v. *Krost,* 116 Ind. 268.   As Ball had surrendered his right to a deed under his certificate by accepting the money, and as the sale to appellees proved to be invalid, the land remained under the ownership of appellant, and the payment of the money in this manner, as can be readily seen, would result to the latter's ultimate benefit.   Certainly, under the circumstances, appellant cannot successfully be heard to assert a denial of appellees' right to subrogation.

Again, upon another view of the case, as the sale under which they purchased was invalid, and they received nothing thereunder, therefore it did not result in a satisfaction of the judgment, and appellee Phydella Phillips, as a junior judgment creditor, under the circumstances, would have been entitled to redeem from the sale upon the senior lien.   But passing this phase of the case without further consideration, and regarding only the questions presented under the theory of the cause, we must and do recognize the principle that neither the law nor equity, in its application to the facts and circumstances in a particular case, will yield to the "shades or shadows" that may therein arise, but will

look alone to the substance of the questions involved. As heretofore said, the money was paid by these appellees in the redemption of the land, which they, in good faith, supposed they owned, and in order to relieve it from the sale in controversy, was applied and inured to discharge an obligation for which appellant, under the circumstances, was primarily liable.    Therefore, applying the broad principle which underlies the doctrine of subrogation, it is manifest, we think, in view of the facts in the case, that appellees were entitled to the relief demanded.    Under such circumstances equity generally treats the incumbrance as still subsisting so long as necessary, to protect the rights of the party paying it off, and this right cannot be affected by the fact that appellees' title proved to be invalid, when the payment was made in the good-faith belief that they were the owners of the land.    Vol. 24, Am. and Eng. Ency. of Law, 253 and 259.    But aside from this, as the redemption in question was to some extent connected with, and exercised by appellees under what proved to be an invalid sheriff's conveyance, we are of the opinion that the relief demanded, also comes within, and may be granted under, section 777, *supra*.    This section is remedial and salutary in its provisions, and under a long and well recognized rule, ought to receive a liberal construction.    The following decisions lend support to the principles which we have herein affirmed.    *Seller* v. *Lingerman*, 24 Ind. 264 ; *Sidener* v. *Pavey*, 77 Ind. 241; *Weiss* v. *Guerineau*, 109 Ind. 438 ; *Short* v. *Sears*, 93 Ind. 505 ; *Bodkin* v. *Merit*, 102 Ind. 293 ; *Johnson* v. *Barrett*, 117 Ind. 551 ; *Cockrum* v. *West*, 122 Ind. 372; *Erwin* v. *Acker*, 126 Ind. 133 ; *Scobey* v. *Kinningham*, 131 Ind. 552 ; *Fowler, Guar.*, v. *Maus*, 141 Ind. 47.

Counsel for appellant criticise and complain of a

number of rulings of the trial court, but these are not open to the objections urged against them; and as it appears from the record that the cause has been fairly tried and determined, and a substantially correct result reached, the judgment must be affirmed.

This court, in the former appeal upon the other branch of the case to which we have referred, said:

"The equities in the case appear to be with the appellee * * * and we regret that we are compelled to disturb the judgment." In the case at bar, all the equities are likewise with the appellees, and the appeal is devoid of merit.

The judgment is affirmed.

Filed December 17, 1895.