C. Q, STEBBINS AND OTHERS *v.* W. H. WILLARD AND OTHERS.

1. When one pays a decree rendered in a proceeding to foreclose a mortgage on partnership property, *for the benefit of one of the partners, and by his procurement,* such payment does not *extinguish the mortgage.* A payment *procured* by the partner is a *payment by the partner himself,* in effect, as to keeping the mortgage on foot.
2. And this is so although the partnership was dissolved.
3. A mortgage on the real estate of an insolvent partnership, executed by one of the partners to secure his *individual indebtedness,* is subject to the payment of the partnership debts that existed when it was given, although the greater part of the consideration may have been such partner's contribution to the capital of the firm.
4. Partners, except by special agreement, are not entitled to charge each other for *services rendered the firm;*
5. Nor, for *repairing* the partnership property after a dissolution, *against the consent of the other partners;* but they can, for *preserving* the property.

CASE heard at the March Term, 1880, VEAZEY, Chancellor, on bill, answer, replication, master's report, and exceptions thereto by the orator. The master allowed the defendant $194.50, for extra work done for the firm before its dissolution ; and $20 for collecting up and preserving the mill property after the mill was destroyed, and some two years after the dissolution of the partnership. The other facts sufficiently appear in the opinion of the court.

*A. Stoddard,* for the orators.

Stebbins must be treated as an equitable assignee, being subrogated to all the rights of the original assignee. *Downer* v. *Wilson,* 33 Vt. 1 ; 38 Vt. 185 ; 40 Vt. 399 ; 41 Vt. 496 ; *Walker* v. *King,* 44 Vt. 601 ; 51 Vt. 320 ; *Benton* v. *Bailey,* 50 Vt. 137. The partnership effects are first to be applied in payment of the partnership debts. *Washburn* v. *Bank of Bellows Falls,* 19 Vt. 278 ; 1 Story's Eq. s. 675 ; It is the same as to both *real* and *personal* estate. 20 Vt. 484 ; 3 Kent, 38. The defendant should not be allowed for the 97½ days' work, $194.50. Col. on Part. p. 99, n. ; 7 Paige, 143 ; 3 Am. Ch. Dig. 187.

*Davenport & Eddy*, for the defendants.

Stebbins, in paying the decree in the foreclosure of the Jamaica Savings Bank, was a mere volunteer or interloper. *Downer* v. *Wilson*, 33 Vt. 1; *Crockett* v. *Crain*, 33 Mass. 552; *Chester* v. *Plainston*, 43 Mass. 544; 1 Lead. Cas. in Eq. 161. The payment of a mortgage will not operate as an assignment of it to the person paying, unless it becomes necessary for him to pay it in order to protect his own claim or interest in the thing mortgaged. 1 Smith's Lead. Cas. 154; 1 Lead. Cas. in Eq. 161. Having paid the mortgage, he cannot set up the mortgage. *Viles et al.* v. *Moulton*, 11 Vt. 470; *Hilton* v. *Bissell*, 1 Sandf. C. R. 407; *Brown* v. *Steel*, 5 Sum. 535. It is only where the legal and equitable estates have become united in the person of the mortgagee, it is allowable to treat the mortgage as still retaining its priority over a junior incumbrance. *Converse* v. *Cook et al.*, 8 Vt. 170; *Freeman* v. *Paul*, 3 Greenl. 260; *Marshall* v. *Wood*, 5 Vt. 250. Or when a subsequent incumbrancer has been compelled to pay a prior attachment for the protection of his own interest, as in *Downer* v. *Fox*, 20 Vt. 388. Subrogation will never be enforced in the face of a legal right. 1 Lead. Cas. in Eq., 162. Subrogation will not be enforced as between joint or principal debtor. 1 Lead. Cas. in Eq., 154; *Bailey* v. *Brownfield*, 8 Harris, 41.

The opinion of the Court was delivered by

TAFT, J. This is a bill in equity brought by Charles Q. Stebbins, Charles H. Willard, Frank A. Clark, Sylvester Morse, and Lewis S. Walker, against Wales H. Willard, Harvey Bruce, and Warren H. Willard.

Warren H. and Charles H. were partners owning real estate, subject to a mortgage to the Jamaica Savings Bank. The mortgage was foreclosed and a decree obtained. The orator Stebbins paid the decree at the request, and for the benefit of, Charles H., taking, at the time of such payment, a conveyance of the interest of Charles H. in the premises, executed by said Charles H. and his wife. The orators, Clark, Morse, and Walker, are partnership creditors, having attachment liens upon the partnership property. Warren H. Willard, after the execution of the mortgage

to the Savings Bank, and the accruing of the claims of Clark, Morse, and Walker, mortgaged an undivided half of the partnership real estate to Hosea Willard. The latter mortgage was foreclosed and the decree expired without redemption. Hosea Willard died, and the defendants represent the interest of his estate in the decree and the mortgage upon which it was obtained. The defendants therefore own the interest of Warren H. in the partnership, and are subject to his liabilities in respect to it. This bill is brought to compel the defendants to pay one half of the amount paid by the orator, Stebbins, to redeem the premises from the decree of the bank or be foreclosed from all equity therein, or, rather, to charge the partnership property with payment of the partnership debts, and for a division of the property then remaining.

I. Stebbins, when he paid the decree in favor of the bank, had no interest in the premises save that acquired at the time by virtue of the deed from Charles H. and wife ; and the defendants claim that as he was a volunteer in the matter, his payment operated as an extinguishment of the mortgage. This might well be claimed, had he made the payment in his own behalf, and for his own benefit, and not at the request of Charles H. *Downer* v. *Wilson*, 33 Vt. 1. But he made it in the interest of the orator, Willard, for his benefit, and by an arrangement with him, in order to protect the property of the partnership and prevent its passing under the decree.

We think the same force and effect should be given to the payment by Stebbins as though it had been made by Charles H. himself. The latter had no means, was unable to make the payment, and so procured Stebbins to make it for him. Charles H., and the defendants, as the owners of Warren's interest in the partnership, were equally liable to remove the incumbrance then resting as a burden upon the common property, and for which Charles H. and Warren were originally jointly liable. They were jointly interested in the property ; and the principle is too well settled to need the citation of authorities, that one partner, or tenant in common, may pay a mortgage debt and keep the

mortgage on foot until reimbursed the moiety paid for the other partner or tenant in common. Such was really this transaction. The orator, Stebbins, for one of the partners, paid a debt resting as a burden upon the property of the firm; and equity requires that he should be reimbursed by the other partner, or those representing him, the amount that it was the duty of the latter to pay. Charles H. having procured Stebbins to make the payment, the latter should be protected in the matter, as it was really an act done for the firm, and at the request of the firm, Charles H. having full authority to do for the firm, although dissolved, all he did do in the premises. Stebbins should therefore be reimbursed the amount paid by him, and hold a lien upon the common property to secure him.

II. As to the Hosea Willard mortgage, it should be subject to the bank mortgage and the payment of the other partnership debts. It was given after the partnership debts accrued, and covered the separate property of Warren only; and although the greater part of the consideration may have been used by him as his contribution to the capital of the firm, it did not become a firm debt, and can in no way be treated as a lien upon the property of the firm. This results from the well-known principle in equity, that the creditors of an insolvent partnership are entitled to have the partnership assets applied in satisfaction of their debts in preference to the creditors of the individual partners; each partner had, by implied contract, a lien upon all the partnership effects until all the joint debts are paid, his interest being his share in the surplus after all claims against the partnership are discharged. See cases cited in Rob. Dig. 500, sec. 32.

III. We think the claim for the services of the defendant Warren should be disallowed. It comes within the general rule that partners are not entitled, except by special agreement, to charge each other for services rendered in the affairs of the firm; each one is taking care of his own, and the law never undertakes to settle between partners their various and unequal services in relation to the joint concerns.

IV. The chancellor was correct in disallowing the claim of Warren, for repairing the mill after its destruction in December, 1878. The charges for collecting and preserving the property were properly allowed the defendants, but the expenses of repairing the boiler, engine and other property, after the dissolution of the firm, which the master finds was done against the consent of the orators, the defendants have no right to charge against the firm.

This disposes of the questions raised, and the result is, the decree of the chancellor in favor of the orators is affirmed, and cause remanded.