## TRIBLE V. NICHOLS.

Decided May 10, 1890.

53  271
55  146

53  271
57  553

53  271
62  100

*Usury—Subrogation.*

> No equitable right of subrogation can arise where, in order to establish
> it, resort must be had to an agreement which is void by reason of usury.
> Thus, where, to secure a valid loan, T. conveys land to O. by absolute
> deed, and subsequently, in order to pay the loan, borrows money from
> N. at a usurious rate of interest and procures O. to convey the land to
> N. by absolute deed, the conveyance to N. is void, and he will not be
> subrogated to the rights of O., the conveyance to N. and the loan by
> him being inseparable parts of the same usurious agreement.

APPEAL from *Hempstead* Circuit Court in Chancery.

W. S. EAKIN, Special Judge.

Plaintiff Nichols brought unlawful detainer against Trible
for the possession of a tract of land, relying upon a deed
from Oglesby, who held a deed from defendant.    Defendant
filed an answer and cross-complaint, which alleged that he
conveyed the land to Oglesby to secure a valid indebtedness
of $250; that, being unable to pay Oglesby, he borrowed
$300 from plaintiff, agreeing to pay therefor interest at the
rate of 25 per cent per annum, and procured Oglesby to
execute and deliver to plaintiff as security a deed absolute in
form.    He asked that the conveyance to plaintiff be held
void, and that it be removed as a cloud upon his title.

On motion, the cause was transferred to equity, and the
court found that plaintiff loaned defendant $300 at a usurious
rate of interest; that of this sum $281.70 was paid to
Oglesby and used in discharging a valid lien upon the land;
subrogated plaintiff to Oglesby's rights; declared the $281.70
a lien upon the land in plaintiff's favor, and found that Nichols had paid certain taxes upon the land for which also a lien
was declared in his favor.    Defendant has appealed.

The doctrine of equity that he who comes into equity for relief against a conveyance upon the ground of usury must offer to pay what is actually due by him, as held in *Anthony v. Lawson*, 34 Ark., 628, has been abrogated by the passage of the act approved March 3, 1887. Acts 1887, p. 50. For the legislation on the subject of usury, see Const. Ark., 1874, art. 19, sec. 13; Mansf. Dig., secs. 4733-4736.

*A. B. & R. B. Williams* for appellant.

1. The proof clearly shows usury and that the deeds were simply mortgages. The transaction was *absolutely* void. A contract tainted with usury cannot be ratified or renewed, but the original contract must be abandoned, the original securities destroyed or surrendered and an entirely new and distinct contract made with full knowledge and understanding of the borrower. Tyler on Usury, etc., Ed. 1872, pp., 396-7-8.

2. The legislature had authority to pass the act of 1887, pp. 50 etc., and it is binding on the courts. Art. 2, sec. 12, and art. 2, sec. 17, Const.; Art. 19, sec. 13, Const.; Cooley, Const. Lim. (4 ed.), pp. 347-8. The act does not impair the obligation of contracts.

Appellee had no vested rights in the old equity rule which required the payment of the principal and legal interest. Cooley, Const. Lim., p. 448; 36 Am. Dec., 701 and notes; 56 Am. Dec., 694 and notes; 27 Ark., 26; 4 Conn., 224; 66 Am. Dec., 148; 43 Ark., 420; 44 Ark., 365; 28 Ark., 555; 48 Ark., 479.

Nichols acquired no lien by paying the taxes.

*Atkinson & England* for appellee.

1. The transaction was a sale and not a loan. The documents make a *prima facie* case of sale, which has not been overcome.

2. Defendant not entitled to recover until he has ten-

dered or offered to pay the money received with legal interest. The act of 1887 was passed after suit was brought, and does not apply to pre-existing contracts. 71 U. S., 270 and note, Law Ed., p. 351; 1 How. (U. S.), 311; 9 Wis., 577.

3. If there was usury, and the act of 1887 applies, the decree was right. Nichols paid off a valid incumbrance on the land. If all the papers are void, the previous debt and lien have never been satisfied, and they revive and vest in Nichols. The subsequent usurious arrangement does not taint the previous valid debt, nor do they pay off, extinguish or discharge them. 100 Am. Dec., 435; 44 Am. Dec., 388; 10 Am. Dec., 228; 56 N. Y., 214; 64 N. Y., 294; 3 S. E. Rep., 748.

A void transaction cannot vitiate a previous valid one. *Ubi supra.*

COCKRILL, C. J. Triblè borrowed money from Oglesby, and, to secure the loan, executed to him a deed absolute in form to the land in question. Subsequently, at Trible's request, Oglesby executed a deed to the same land to Nichols. We think the chancellor was amply sustained by the proof in the finding that the consideration for the deed from Oglesby to Nichols was a usurious loan of money from Nichols to Trible, the deed being intended as security therefor. A part of the loan was applied by Nichols, at the request of Trible, in paying off Trible's debt to Oglesby; the residue was paid to Trible. The chancellor held that Nichols should be subrogated to the rights that Oglesby had under his mortgage, and decreed a foreclosure of the same for Nichols' benefit. The correctness of that ruling is the legal question presented by the appeal.

The general rule is well established that one who, at the request of another, pays off an incumbrance upon the latter's land, is entitled to be subrogated to the security; and

*Subrogation to usurious security.*

it is also a settled rule that when a valid security is cancelled by means of a subsequent agreement and security which is void for usury, the original security is not invalidated, but equity will revive and enforce it. But Nichols cannot invoke the aid of either of these principles. One who seeks protection under the equitable doctrine of subrogation must come into court with clean hands. It is not applied to relieve one of the consequences of his own wrongful or illegal act. Where therefore the claim to subrogation grows out of an agreement which is void by reason of usury, it furnishes no basis for the equitable doctrine. Sheldon on Subrogation, secs. 42, 44; *Perkins v. Hall*, 105 N. Y., 539.

If Nichols had been the owner of the Oglesby mortgage, and subsequently entered into the usurious contract he actually made, and by means of it had cancelled the first mortgage, the case would be like that of *Gerwig v. Sitterly*, 56 N. Y., 214, which he relies upon to sustain his contention. There it was not necessary to resort to the illegal contract to take the benefit of the binding security. And in *Patterson v. Birdsall*, 64 N. Y., 294, the other case relied upon by Nichols, it did not become necessary to resort to any dealings between the usurer and the debtor in order to establish the right to the first mortgage when the usurious security was annulled. But the position of Nichols is such that he is forced to resort to proof of his illegal contract to establish any claim whatever. The agreement to take the legal title from Oglesby who held it in trust for Trible, instead of from Trible himself, and the payment of Oglesby's debt are inseparable parts of the usurious agreement. But as it is against the policy of the law to found any right upon an illegal contract, Nichols cannot have the benefit of the Oglesby mortgage.

The two cases cited by Nichols are commented upon and distinguished from this class of cases in *Perkins v. Hall*, 105 N. Y., *supra*, and *Baldwin v. Moffett*, 94 N. Y., 82.

Reverse the judgment, and remand the cause with directions to enter judgment for Trible. Nichols will be decreed the amount of taxes paid on the land, as found by the court below, and interest.