## WARFORD ET AL. *v.* HANKINS.

[No. 18,493.   Filed May 19, 1898.]

VENDOR'S LIEN.—*When Reserved in Deed.—Mortgage.—Subrogation.* —For the purposes of subrogation there is no difference between a vendor's lien expressly reserved in the deed and a mortgage given by the vendor to secure the purchase money. *pp. 492, 493.*

SUBROGATION.—*Right of Not Founded Upon Contract.—Equity.*—The right of subrogation is not founded upon contract, express or im plied, but upon principles of equity and justice, and includes every instance in which one party, not a mere volunteer, pays a debt for another, primarily liable, and which in good conscience should have been paid by the latter. *p. 493.*

VENDOR'S LIEN.—*Reservation of in Deed.—Notice.*—A lien reserved in a deed conveying real estate is notice to a subsequent mortgagee of the rights of those claiming under such lien. *p. 496.*

MORTGAGE.—*To Secure Preexisting Debt.*—A mortgage given to secure a preexisting debt will not cut off prior equities. *p. 496.*

SUBROGATION.—*Vendor's Lien.*—Where a third party pays a note secured by a vendor's lien, under an agreement with the makers that he is to hold the note with the lien as security, the person so paying the note will be subrogated to the rights of the vendor, as against a subsequent mortgagee. *pp. 495–497.*

From the Posey Circuit Court.    *Affirmed.*

*Alexander Gilchrist* and *Curran A. DeBruler,* for appellants.

*J. W. Henson* and *Garvin & Cunningham,* for appellee.

MONKS, J.—Appellee brought this action against appellants on a note given for the unpaid purchase money of real estate, and to foreclose the lien on said real estate reserved in the deed conveying the same.

The only error assigned, and not waived, is that the court erred in its conclusions of law.

The part of the special finding necessary to the determination of the question presented is substantially as follows: ·On December 13, 1888, one Cosby conveyed to David J. Mackey and Edward T. Sullivan certain real estate in Posey county, Indiana, for the sum of $6,500.00. In the deed a lien was reserved to secure the notes given for the unpaid purchase money. Mackey and Sullivan were partners, engaged in buying land, and farming the same, in Posey county. Sullivan was the managing partner, Mackey being engaged in other enterprises. All the notes so given were paid off by Mackey and Sullivan, except the last one for $1,000.00, which fell due March 1, 1892. After this note became due it was placed in a bank at Evansville for collection, and on August 27, 1892, the firm not having the money to pay the same, said Sullivan paid the interest on said note to said date, and, on behalf of said firm of Mackey and Sullivan, applied to appellee for a loan of $1,000.00 to take up said note, agreeing that appellee should hold said note uncanceled, and should have and hold the lien to secure the payment of said note that was held by said Cosby, and that appellee in consideration of said promise and agreement gave said Sullivan a draft on a bank at Mt. Vernon, Indiana, for the sum of $1,000.00, payable to the firm of Mackey and Sullivan, which draft was, on the same day, August 27, 1892, indorsed in the firm name of Mackey and Sullivan to the bank in Evansville holding said note for collection, and the note taken up by said Sullivan with the funds of appellee, and for her use, was on the same day delivered to appellee under said agreement. Before delivering said note to appellee the following was entered on the back of said note: "This note was taken up for Mackey

and Sullivan by Olive L. Hankins, August 27, 1892. Mackey and Sullivan paid the interest in full to said date, and we agree to pay said Hankins seven per cent. per annum interest until paid, interest payable semiannually, on her $1,000.00.   Mackey and Sullivan, per E. L. Sullivan."

Cosby, the payee of said note, was not a party to said agreement, Mackey was not present and knew nothing of the transaction, and Sullivan had no authority to make the same, except such as he had as the managing partner of the business of said firm, and the real estate for which the note was given was the property of the firm.   On November 16, 1893, Mackey and Sullivan being largely involved and in failing circumstances, executed to appellant Huston a mortgage on the real estate described, for which said note was given, and on other lands in Posey county, two of which were payable to William P. Warford to secure certain notes and to save said Huston harmless by reason of his being security thereon.   The notes mentioned in said mortgage were all dated in June and July, 1893.   At the time of the execution of said mortgage to Huston on November 16, 1893, neither he nor Warford had any notice of any lien on said real estate, except that given by the record of the deed from Cosby to Mackey & Sullivan, and they had no actual knowledge that appellee held said note, or that the lien in favor of Cosby on said real estate had been transferred to her, and that said note is due and unpaid.

The conclusions of law stated by the court were, in substance, that Sullivan, the managing partner of the firm of Mackey & Sullivan, had the legal right to make the contract referred to with appellee, without first procuring the consent of his co-partner, Mackey; that the oral agreement of Sullivan on behalf of said firm

was a valid and binding agreement, and had the effect
to transfer said note together with the lien securing
the same to appellee; that the appellants Warford and
Huston took their mortgage charged with notice of
the prior lien upon said real estate, to the extent of
the unpaid note described in said deed; that appel-
lee's lien was prior and superior to that of appellants'
for the amount of the face of the note, with six per
cent. interest thereon, that being the rate of interest
provided in the note.    Judgment was rendered ac-
cordingly.

A ppellants insist that the note and the lien securing
the same could not be transferred to appellee without
the payee was a party to the agreement, and that un-
der the facts found the note was paid and the lien
securing the same was thereby satisfied; that appel-
lee's only relief is limited to a recovery against Mackey
and Sullivan.    Appellee contends that as she took
up said note on agreement with the makers of the note
that said note and the lien securing the same should
be held by her as security therefor, she is subrogated
to all the rights of Cosby, provided that the rights of
innocent third parties have not intervened.

A vendor's lien upon real estate for the unpaid pur-
chase money is created by implication of law, but
when a lien for the purchase money is expressly re-
served by a vendor in his deed of conveyance a lien is
created by contract, and not by implication of law.
It is a contract that the land shall be subject to a
lien until the purchase money is paid, and is really a
mortgage.    *Bever* v. *Bever*, 144 Ind. 157, 162, 163, and
authorities cited; *Sample* v. *Cochran*, 84 Ind. 594; Jones
on Mortgs., sections 228, 229; 28 Am. and Eng. Ency.
of Law, 184, 193; 3 Pom. Eq. Jur., sections 1257, 1258.

For the purposes of subrogation there is no differ-
ence between a vendor's lien expressly reserved in the

deed, and a mortgage given by the vendee to secure the purchase money.    *Dowdy* v. *Blake,* 50 Ark. 205, 7 Am. St. 88, 6 S. W. 897; 28 Am. and Eng. Ency. of Law, 192.    The right of subrogation is not founded upon contract, express or implied, but upon principles of equity and justice, and includes every instance in which one party, not a mere volunteer, pays a debt for another, primarily liable, and which in good conscience should have been paid by the latter.    *Davis* v. *Schlemmer, Admr., ante,* 472, and cases cited.

A person who may be compelled to pay a debt, or the protection of whose property or interest requires that he pay it, is not a mere volunteer.    *Davis* v. *Schlemmer, supra,* and cases cited.    Nor is one who pays a debt or advances money for the purpose, at the request of the debtor, a mere volunteer.    *Shattuck* v. *Cox,* 128 Ind. 293; *Reeves, Admr.,* v. *Isenhour,* 59 Ind. 478; *Shirts* v. *Irons,* 28 Ind. 458, 461; *Woodford* v. *Leavenworth,* 14 Ind. 311, 313; *Trible* v. *Nichols,* 53 Ark. 271, 13 S. W. 796, 22 Am. St. 190; *Gans* v. *Thieme,* 93 N. Y. 225; 24 Am. and Eng. Ency. of Law, 281, 294, 296; 2 Ency. of Plead. and Prac., 1012; 3 Pomeroy Eq. Jr., section 1212; Harris on Subrogation, section 792.

In 3 Pomeroy's Eq. Jur., section 1212, it is said, "The doctrine is also justly extended, by analogy, to one who, having no previous interest, and being under no obligation, pays off the mortgage, or advances money for its payment, at the instance of a debtor party and for his benefit; such a person is in no true sense a mere stranger and volunteer."

The rule was thus stated in *Wilson* v. *Brown,* 13 N. J. Eq. 277: "To entitle a party who pays the debt of another to the rights of the creditor by subrogation, the debt must be paid at the instance of the debtor, or the person paying it must be liable as surety or otherwise for its payment."

In *The Receivers of New Jersey, etc., R. W. Co.* v. *Wortendyke*, 27 N. J. Eq. 658, the court said: "It is not sufficient that a person paying the debt of another should do so merely with the understanding on his part that he should be subrogated to the rights of the creditor. Conventional subrogation can only result from an express agreement either with the debtor or creditor."

The rule as stated in the foregoing New Jersey cases is supported by the following authorities, some declaring the rule to be as stated in the first, and others as stated in the last case. *Gore* v. *Brian* (N. J. Eq.), 35 Atl. 897; *Shinn* v. *Budd*, 14 N. J. Eq. 234; *Tradesman Building, etc., Assn.* v. *Thompson*, 32 N. J. 133; *Hoy* v. *Bramhall*, 19 N. J. Eq. 563, 97 Am. Dec. 687; *Sanford* v. *McLean*, 3 Page 116, 122, 23 Am. Dec. 773; *White* v. *Knapp*, 8 Page 173; *Swope* v. *Liffingwell*, 72 Mo. 348, 360; *National Bank* v. *Cushing*, 53 Vt. 321, 326; *Stebbins* v. *Willard*, 53 Vt. 665, 667; *Payne* v. *Hathaway*, 3 Vt. 212; *Good* v. *Golden*, 73 Miss. 91, 94, 95; *Union, etc., Trust Co.* v. *Peters*, 72 Miss. 1058, 1070, 1071, 30 L. R. A. 829; *Fievel* v. *Zuber*, 67 Tex. 275, 280; *Dillon* v. *Kauffman*, 58 Tex. 696; *Oury* v. *Saunders*, 77 Tex. 278, 280; 13 S. W. 1030; *Whiteselle* v. *Texas Loan Agency* (Tex. Civ. App.), 27 S. W. 309, 314; *Reimler* v. *Pfingsten* (Md.), 28 Atl. 24; *Mitchell* v. *Butt*, 45 Ga. 162; *Fuller* v. *Hollis*, 57 Ala. 435; *Heuser* v. *Sharman*, 89 Iowa 355; *Trible* v. *Nichols, supra; Owen* v. *Cook*, 3 Tenn. Ch. 78; *Citizens Nat'l Bank* v. *Wert*, 26 Fed. 294; 1 White & Tudor's Leading Equity Cases 875; 2 White & Tudor's Leading Equity Cases, 288; 24 Am. and Eng. Ency. of Law, p. 281, 290-296; 1 Jones on Mortgs., sections 1091, 1092; Harris on Subrogation, section 792; Sheldon on Subrogation, sections 247, 248; 2 Beach Eq. Jur., section 806.

In *Gans* v. *Thieme, supra,* the court said: "A volunteer cannot acquire either an equitable lien or the right of subrogation,   *   *   *   but one who, at the request of another, avances his money to redeem or even to pay off a security in which that other has an interest, or to the discharge of which he is bound, is not of that character, and in the absence of an express agreement one would be implied, if necessary, that it shall subsist for his use, and it will be so enforced. But the doctrine of substitution may be applied although there is no contract, express or implied.   It is said to rest 'on the basis of mere equity and benevolence' (*Cheesebrough* v. *Millard,* 1 John Ch. 409; 1 Story Eq. Jur., section 493), and is resorted to for the purpose of doing justice between the parties. Here the defendants have no equity.   In any aspect of the case the plaintiffs have paid a debt which the testator ought to have paid and a mortgage to which the land was subject, under the belief authorized by the words of the legal representatives of the deceased, that they were to have a valid security upon it.   It has not been given to them, and it will subserve the purposes of justice and violate no rule of law to subrogate them to the lien of the mortgage against any of the parties to this action, since their title was affected by it,   *   *   * and no wrong can be done to either by putting the plaintiffs in the place of the original creditor."

This doctrine is also supported by the cases which hold that when a third party, at the request of a debtor, loans the money to him to pay a debt secured by mortgage or other lien, under an agreement that he shall have a mortgage on the same real estate to secure him in such loan, and after the same is paid the debtor refuses to give the mortgage, or if given it proves invalid or ineffectual for any reason, or if there are intervening liens of which the person making the

loan or payment had no notice or knowledge, such person is entitled to be subrogated to the mortgage or other lien securing the debt paid. *Thompson* v. *Connecticut Ins. Co.,* 139 Ind. 325, 346, 349, and cases cited; *Johnson* v. *Barrett,* 117 Ind. 551; *Spaulding* v. *Harvey,* 129 Ind. 106, 13 L. R. A. 619; *Edinburg American,* etc., Co. v. *Latham,* 88 Ind. 88; *Sidener* v. *Pavey,* 77 Ind. 241; *Gans* v. *Thieme, supra; Baker* v. *Baker,* 2 S. D. 261; *Farm Land Co.* v. *Ellsbree,* 55 Kan. 562; *Crippen* v. *Chappel,* 35 Kan. 495; *Milholland* v. *Tiffany,* 64 Md. 455; *Detroit, etc., Ins. Co.* v. *Aspinall,* 48 Mich. 238; *Gilbert* v. *Gilbert,* 39 Iowa 657; *Union, etc., Trust Co.* v. *Peters, supra; Ogden* v. *Totten* (Ky.), 34 S. W. 1081.

The lien reserved in the deed conveying the real estate to Mackey and Sullivan was notice to appellants Huston and Warford of the rights of appellee. *Sample* v. *Cochran,* 84 Ind. 594, 596. Besides, the special finding shows that the mortgage executed to appellant Huston to indemnify him as surety and to secure the note payable to appellant Warford was given to secure preexisting debts and liabilities, and would not therefore cut off prior equities. *Citizens National Bank* v. *Judy,* 146 Ind. 322, 330, and cases cited.

Whatever rights, therefore, appellee has against Mackey and Sullivan, under the agreement with them to enforce said lien, may be enforced against said appellants Huston and Warford.

The special finding shows that the money was loaned to Mackey & Sullivan to take up said note, under the express agreement, made with them, that appellee should hold the note uncanceled, and that the lien reserved in the deed should be kept alive to secure her. Under the authorities cited it is clear

that appellee is entitled to enforce said lien against appellants the same as Cosby could have done if the same had not been paid to him.

It is insisted that under the rule declared by this court in *Binford* v. *Adams,* 104 Ind. 41, appellee is not entitled to enforce said lien. In that case Walker executed a note to Gant and secured it by a mortgage on his real estate, Gant sold the note and mortgage to Boyd, and indorsed the note to him. Afterwards Gant requested Walker to pay the note, and Walker made arrangements with Binford to pay the note, which Binford did. Boyd marked the note paid on his book, and delivered the note to Binford. Gant died, and Binford sued Gant's administrator to recover upon Gant's indorsement of the note, and this court held that there could be no recovery on the indorsement. There is a wide difference between that case and this. If the action in that case had been brought to foreclose the mortgage executed by Walker to secure the note, a different question would have been presented. If Binford was entitled to subrogation under the facts of that case it was only to foreclose the mortgage against Walker, the maker of the note, at whose request he had paid the note. As between Gant and Walker the latter was primarily liable on said note, and even if Binford paid the note under an agreement with Walker that he should hold the note and mortgage to secure him in such payment, this would not have given him any right to maintain an action against Gant on his indorsement. Walker's agreement could only continue the note and mortgage in force as against himself and the mortgaged real estate. It was properly held, therefore, that so far as Gant was concerned, Binford was a mere volunteer, and acquired no rights against him, and as

to Gant and Boyd, the note was paid and satisfied It follows from what we have said that the trial court did not err in its conclusions of law.    Judgment affirmed.