BANK OF MULBERRY *v.* FRAZIER.

Opinion delivered October 15, 1928.

*Starbird & Starbird,* for appellant.

*D. L. Ford,* for appellee.

MEHAFFY, J.   Appellant, on the 7th day of January, 1927, brought suit in the Crawford Chancery Court, alleging that defendants, A. G. Frazier and Frances Frazier, were indebted to it in the sum of $9,000 upon their promissory note, and it is alleged that, to secure the payment of said note, the Fraziers executed a mortgage on 287 acres of land, and prayed for judgment and a foreclosure and sale of the property.   It was alleged that the other defendants claimed some interest in the land.

A. G. Frazier and Frances Frazier, the makers of the note and mortgage, did not answer.   The other defendants answered, alleging that they were the only heirs at law of T. M. White, deceased, who died in 1908, intestate, leaving them as his sole survivors; that at the time of the death of T. M. White he was the owner in fee of 158.33 acres of the land described in the mortgage, and was living upon the land at the time of his death; that at the time of the death of said White the defendants were minors, living with their father upon the property described, as their homestead.

The cross-complaint further charged that A. G. Frazier was the guardian of the minor heirs, and was the administrator of the estate of T. M. White, deceased; that A. G. Frazier, as administrator, did not have any part of the land set off as a homestead, but filed his petition in the probate court of Crawford County, asking for an order permitting him to sell all of the said lands. The petition set forth that there was a mortgage on the premises of $2,500, executed by T. M. White in his life-

time, and that there was an additional debt against the estate amounting to $500; that the interest amounted to about $300; that the fencing was run down, and would have to be rebuilt, and that the average rent of the farm was about $300, and stated in his petition that it was for the best interest of the heirs that the land be sold.

The petition did not show what debts had been probated, and it was the design of Frazier to defraud the heirs out of their legal rights. An order was made for the sale of the land, in compliance with Frazier's petition, and Frazier employed one J. A. Wigley to bid for him, with the understanding that Wigley would keep the lands for a period of one year, and deed the lands to Frazier. This was done. The sole purpose of the transaction was to keep up the fraudulent intent of Frazier. Wigley conveyed the land to Frazier, and the heirs of T. M. White, defendants in this suit, brought suit in the chancery court of Crawford County, and the court held that the sale was fraudulent and void, and that the trustee of the Bank of Mulberry knew it, and that with this knowledge Frazier executed to Alexander, trustee of said bank, the mortgage upon the lands described in plaintiff's complaint.

Frazier had no title to said lands. The appellant filed its reply to the cross-complaint, and alleged that the sale was made to pay a mortgage debt, and that it was made, in addition to paying the mortgage debt, to pay $500 of defaulted interest which the probate court had ordered him to pay. Appellant denied that it had any knowledge of the fraud of Frazier, and no notice of the matter other than that given by the administrator's deed, and, in faith of the recitation in the deed, loaned the money. The administrator's deed was duly acknowledged and recorded.

The plaintiff introduced in evidence the note and mortgage, and E. E. Cooper testified, in substance, that he took the mortgage attached to the amendment to the reply as Exhibit A; that this was on January 20, 1908,

and was filed for record February 7, 1908. The credits on the mortgage were made after the sale by order of the probate court in 1911, and the balance due was shown to be $2,500. The credits were for interest. A new mortgage was given on the same lands in 1913 by A. G. Frazier and wife. This was given for the balance due on the old mortgage, and it was satisfied February 19, 1915. The mortgage on the 158 acres is for $2,100, and that was released in 1915. That was the same day that the C. C. Nelson mortgage was recorded.

On cross-examination this witness said that his record did not show by whom the payments were made. It shows the payments up to February, 1911, and the balance due then was $2,500. The new mortgage was given February 20, 1923, by Frazier and wife; does not know by whom the mortgage was paid.

J. T. Nelson testified, in substance, that he was a member of the firm of C. C. Nelson & Company, and had a transaction with Frazier; loaned him money, as shown in mortgage, marked Exhibit C. This covered 158 acres of land claimed by the White heirs and other lands to secure debt of $5,500. This mortgage was made February 1, 1925. There was an incumbrance upon the place, and he took the mortgage, and he personally paid it off and satisfied it out of money loaned on the mortgage given to Nelson; does not recall what the incumbrance was. Does not remember the amount he paid.

M. C. Alexander testified that he was connected with the Bank of Mulberry in the capacity of cashier, and made the loan, for which this suit is brought, to Frazier, in the sum of $9,000; did not actually loan money, but took up an old mortgage, including Frazier's debt that he owed the Bank of Mulberry. Nelson & Company made an assignment of the mortgage. The assignment made by Nelson & Company was read in evidence. No other officers of the bank had anything to do with making the loan or taking the mortgage. He knew White in his lifetime, and at the time of his death he was living on the land where the Fraziers live. It is the place in contro-

versy; did not know at the time that White had any children living with him; never financed Frazier in his land deals.

The cross-complainants then introduced in evidence the letters of administration, showing the appointment of A. G. Frazier as administrator of the estate of T. M. White, deceased, and letters of guardianship appointing A. G. Frazier as guardian of the White heirs, minor children of T. M. White, defendants in this suit. They also introduced and read in evidence the petition of Frazier, administrator of the White estate, praying for an order to sell lands for the White estate.

The following is a petition of Frazier to sell lands:

EXHIBIT B.

"Petition to sell the farm of T. M. White, deceased.

"To the Honorable Ed Cochran, Judge of the Probate Court of Crawford County, Arkansas.

"Comes Arthur Frazier, administrator of the estate of T. M. White, deceased, and represents to the court:

"(1) That there is a debt against said estate of $2,500, bearing interest at the rate of ten per cent. per annum, held by a mortgage and loan company, which debt is secured by a mortgage on the lands belonging to said estate; said mortgage was executed by the deceased in his lifetime. (2) That there is an additional debt against said estate amounting to more than $500. (3) That the annual interest on the above named indebtedness amounts to more than $300. (4) That the fencing around said farm is now needing repairs, and at least a part of said fencing will have to be built anew, and the roof on the dwelling house and barn is very bad, and will soon have to be replaced. The needed repairs will not cost less than $100 annually. (5) The average rental value of said farm is about $300 per annum, which amount will not more than pay the interest on the debts, and leave nothing with which to pay taxes and repairs, leaving a deficit against the estate which will in a few years consume the whole of the value of said farm, leaving nothing for the heirs of the estate. (6) The farm can be sold

now for enough money to pay all debts and leave a good balance for the heirs. I verily believe it to be the best interest for the heirs that said farm be sold at an early date as possible.

"Therefore your petitioner prays an order authorizing the sale of said farm, subject to the mortgage mentioned above, on such terms as is considered by the court to be the best. A. G. Frazier, administrator."

The following is Exhibit E, introduced in evidence.

EXHIBIT No. E.

"In the probate court for Crawford County, February, 1911, term.

"Third annual settlement of A. G. Frazier, administrator of the estate of T. M. White, deceased.

"This accountant charges himself as follows, to-wit:

| | |
|---|---:|
| To this sum as rent on cotton, season 1911 | $ 136.70 |
| To this sum as rent on corn, season 1911 | 35.00 |
| To this sum cash on sale of land | 1,006.55 |
| To this sum for cotton seed | 27.00 |
| To this sum paid Cooper mortgage | 2,500.00 |
| To this sum per J. A. Wright notes | 3,018.00 |
| | $6,723.70 |

"And asks credit as follows:

| | |
|---|---:|
| By this sum due administrator, as shown in last settlement | $ 11.88 |
| By this sum paid interest to loan company | 243.50 |
| By this sum paid self in lieu of money paid loan company as per order of court | 500.00 |
| By this sum as interest on $500 for two years | 100.00 |
| By this sum paid mortgage | 2,500.00 |
| By this sum as taxes | 56.14 |
| By this sum clerk's fees | 5.15 |
| By this sum clerk's fees | 4.55 |
| By this sum as commission on thousand dollars at 5 per cent | 50.00 |
| By this sum paid to A. G. Frazier as his distributive share of the estate, he having bought two shares therein | 731.61 |

By this sum paid for advertising sale of land........ 5.00
By this sum paid appraisers............................................. 3.00
By this sum to J. W. Storie, swearing appraisers .75
By this sum as commission on $3,129.66 at 2%...... 78.24

Total credits.......................................................................$2,469.82
Balance due estate $2,453.88.

"A. G. Frazier.

"Subscribed and sworn to before me this 17th day of February, 1913. C. M. Wofford, Clerk. By Wallace Oliver, D. C.

"Filed February 3, 1913. Confirmed June 3, 1913."

Cross-complainants then introduced a decree of the chancery court of Crawford County in the case of the White Heirs v. A. G. Frazier, a final decree rendered February 23, 1927. The court entered a decree canceling the administrator's deed of the lands to Wigley and decreeing that the White heirs, who are the cross-complainants here, have and recover the lands from A. G. Frazier, and that the titles to said lands be vested in them.

The court held that the proceedings of the probate court were void on their face; that the sale by Frazier, as an administrator, to Wigley, was a fraud; that Wigley was acting for Frazier under an agreement that he would later deed the land to Frazier; and that Wigley conveyed it to Frazier without any consideration.

In the same suit an accounting was had of the acts of A. G. Frazier as guardian of appellees, and decreed that the guardian was indebted to the cross-complainants in this suit in the sum of $11,620.14.

After hearing the evidence, the chancellor found that the title of A. G. Frazier and his wife, at the time of making said mortgage, was void, and that the land was the homestead of the cross-complainants, and was at the time of the sale to pay the mortgage indebtedness; that Frazier was at the time guardian of all the minors and administrator of the estate of White; that cross-complainants were the only heirs at law of T. M. White,

deceased; that Frazier, for the purpose of and with the intent of defrauding the minors, procured Wigley to bid on the land, and Wigley afterwards conveyed it to Frazier; that Wigley paid nothing, and bid it in for Frazier; and that the decree rendered in the case of White and others v. Frazier is *res judicata* herein.

There was something like 100 acres of land upon which the appellant had a mortgage that is not involved in this appeal. A decree of foreclosure was rendered as to said 100 acres, and no appeal taken. The only question involved in this case is whether the sale by order of the probate court was void.

We think it unnecessary to decide whether the decree in the case of the White heirs against Frazier was *res judicata* and binding on the appellant. A judgment or decree is binding not only on parties, but privies. But, as we have said, we think it unnecessary to decide this question. This court has recently decided that a sale by administrator of the homestead to pay debts is void. In that case it was said:

"The sale of the homestead of a minor by order of a probate court for the payment of the debts of a decedent is void, as the probate court has no such jurisdiction. Such a sale is void for lack of jurisdiction, under both the Constitutions of 1868 and 1874." *Hart* v. *Wimberly,* 173 Ark. 1083, 296 S. W. 39.

The authority of the probate court and the administrator is fully discussed in the above cited case, and we deem it unnecessary to review the authorities here.

Appellant, however, contends that the probate court had authority and jurisdiction to sell the lands as mortgaged lands, and cites C. & M. Digest, § 168. That section provides that the court may, on application of any person interested, order the executor or administrator, if the property cannot be redeemed, or if the redemption would be injurious, to sell all the right, title or interest in the estate at public auction.

If the appellant, before it had taken its mortgage, had examined the petition to sell, it would readily have

seen that the petition did not comply with the statute. That statute authorizes the sale of mortgaged property under certain conditions, but there is no statute that authorizes the sale of the minor's homestead to pay debts of the estate, and this petition was not for the purpose of paying this mortgage debt, but the petition expressly asks permission to sell to pay other debts and to sell subject to the mortgage. There is nothing either in the petition or the orders of the probate court showing jurisdiction. On the contrary, all of the evidence introduced before the chancellor, including the petition to sell, the settlement of the administrator, and all the proceedings had with reference to the sale of this property, conclusively show that the sale was void, and that the court had no jurisdiction to sell. And this court has said, in the case cited and many others, that the sale of a homestead by an administrator was void because the court has no jurisdiction to order it. It held that there is no provision anywhere in the law to sell a minor's homestead while a minor, for any purpose. The probate court, from the petition of some person interested, might order the sale under the section referred to by appellant, to pay the mortgage debt, or might redeem, but no such steps were taken in this case.

While the administrator's deed may be *prima facie* evidence of the recitals contained in it, it would be the duty of the purchaser to find out whether the sale was a homestead. But in this instance the appellant knew that it was the homestead of White and his minor children; knew without any investigation. But, if it had not known, it was its duty to investigate the records of the probate court and ascertain whether the court had jurisdiction to make the order of sale, and whether or not the sale was void.

It is next contended by the appellant that, even if the court should decide against it on the above proposition, then it is entitled to subrogation. The court, however, found in this case that the proof showed that all the facts which are shown by the probate record were

t7 k

known to the plaintiff bank in this action by presumption of law at the time they took the mortgages. Among these facts that they were bound to know, if they examined the record, were that the petition did not comply with the law; that a sale ordered under the petition filed would be void; that the court had no jurisdiction; that it was not a sale to pay the mortgage debt, but a sale to pay other debts subject to the mortgage, and this the administrator had no right to do.

It would further have found by an examination of the settlement of Frazier, as administrator, and the record of the probate court, that the debt for which the land was sold was a debt claimed by the administrator himself, and a very little examination would have convinced it, if it had not already known it, that the sale was a fraud, and that the cross-complainants in this case were the owners of the land, and that it was their homestead.

And, without deciding whether the decree of the chancery court, introduced in evidence, was binding on the appellant or not, we are of the opinion that the decree of the chancellor is supported by the evidence, and is correct.

The judgment is therefore affirmed.