CITY NATIONAL BANK *v.* RIGGS.

4-3451

Opinion delivered April 23, 1934.

*James B. McDonough,* for appellants.

*Hill, Fitzhugh & Brizzolara, Watts & Wall, Daily & Woods* and *G. L. Grant,* for appellees.

McHANEY, J. This is the second appeal of this case. For the former opinion see *City National Bank* v. *Riggs,* 188 Ark. 420, 66 S. W. (2d) 293. On the former appeal we held that the appellants had wrongfully satisfied the record as to certain property covered by a mortgage to it as agent to secure an indebtedness to appellees and others represented by notes which had been assigned by it, and that appellants became liable to the noteholders for their *pro rata* share of the sale price of the property so released from the record of said mortgage; that the inclusion of the homestead of appellee,

Jessie M. Johnson, in the new mortgage was induced by fraud, and that appellants became liable to her for whatever loss she might sustain in the foreclosure and sale thereof; and that the decree of the chancery court should be affirmed.

This proceeding involves the foreclosure of the new mortgage. The court entered a decree in accordance with the prayer of the complaint.

For a reversal of this decree it is first argued by appellants that the court should have granted a continuance on their motion. There are several answers to this suggestion. One is that the makers of the notes and mortgage have not requested a continuance. Another is that matters of continuance rest in the sound discretion of the court which will not be disturbed by this court unless an abuse of discretion is shown. The record discloses that one continuance was granted, from the April to the October term, 1933, and no abuse of discretion is shown.

It is next argued that, since the City National Bank, hereinafter called the Bank, purchased the two notes held by E. N. King, the Bank should be subrogated to all the rights .of King as against Mrs. Johnson's homestead, which we held, on the former appeal, was included in the new mortgage through misrepresentation and fraud of the officers of the Bank. The court gave the Bank a judgment against the Johnsons on the King notes, but refused to permit it to participate in the security as to said homestead. This was manifestly correct. The general rule is that subrogation will not "be allowed where to do so would relieve a party from the consequences of his own wrongful or unlawful act." 60 C. J. 709. As said by Judge Cockrill in *Tribble* v. *Nichols,* 53 Ark. 271, 13 S. W. 796: "One who seeks protection under the equitable doctrine of subrogation must come into court with clean hands. It is not applied to relieve one of the consequences of his own wrongful or illegal act." See also *Roe* v. *Kiser,* 62 Ark. 92, 34 S. W. 534; *Hill* v. *Kavanaugh,* 118 Ark. 34, 176 S. W. 336; *Troyer* v. *Bank of DeQueen,* 170 Ark. 703, 281 S. W. 14; *Bank of Mulberry*

v. *Frazier,* 178 Ark. 28, 9 S. W. (2d) 793. So here, the Bank having induced Mrs. Johnson to include her homestead in the mortgage on the representation that it was a mere matter of form and that it would protect her from loss in event of foreclosure, it would necessarily follow that the Bank could not take advantage of its own wrong and be subrogated to the rights of an innocent noteholder whose note it purchased.

The only other argument appellant makes which we think necessary to consider in this opinion is the contention that the Bank should be subrogated to the rights of the Riggs and Mrs. Taylor, it having paid them the amount heretofore adjudged against it for the unlawful diversion of the $12,300 sale price of the property wrongfully released from the record of the mortgage. What we have heretofore said in answer to the contention for the right of subrogation on the King notes applies with equal force to this. We do not understand that the court refused to give the Bank a judgment against the Johnsons for the amount it paid to the Riggs and Mrs. Taylor. The decree did provide that, if the Bank paid said judgments to the Riggs and Taylor, such payments shall be credited *pro rata* on their notes, and the Bank was subrogated to the rights of the Johnsons in any surplus that remained from a sale of the mortgaged property after paying the noteholders, except as to the proceeds of Mrs. Johnson's homestead. Certainly the Bank is entitled to a judgment against the Johnsons for the amount of their indebtedness it is required to pay. The Johnsons owe $25,000 and interest which they do not deny. It cannot have satisfaction out of said homestead.

No error appearing, the decree is affirmed.