CITY NATIONAL BANK *v*. TAYLOR.

4-3911

Opinion delivered June 24, 1935.

36

*James B. McDonough,* for appellant.

*Hill, Fitzhugh & Brizzolara,* for appellee.

HUMPHREYS, J. This is the fourth appeal in this case. The first appeal is reported under style *City National Bank* v. *Riggs,* 188 Ark. 420, 66 S. W. (2d) 293. The second appeal is reported under style *City National Bank* v. *Riggs,* 189 Ark. 123, 70 S. W. (2d) 574. The third appeal is reported under style *City National Bank* v. *Johnson, ante* p. 29. On the first two appeals, the decrees rendered by the chancery court were affirmed, and on the third appeal the decree rendered by the chancery court was affirmed in part and reversed in part. All these appeals came to this court for settlement of questions which arose in the foreclosure proceeding commenced in the chancery court of the Fort Smith District of Sebastian County on December 2, 1932, and this appeal is from a decree in the same case rendered in favor of appellee against appellant on appellee's motion or petition for damages in the sum of $2,797.83 on the 5th day of October, 1934, alleged to have been sustained by her on account of being induced to exchange notes in the sum of $8,000, and a mortgage securing same on property in Fort Smith for renewal notes in the same amount on the representation by appellant that the renewal notes were secured by a mortgage covering the same property and a lot of additional property. A detailed statement of the facts connected with the foreclosure proceeding may be found in the opinions above referred to, and reference is made to them for a general history of the case rather than to restate them in this opinion. The only additional facts not appearing in those opinions relate to the sale of the four pieces of property described in the renewal mortgage executed by the Johnsons, and the apportionment of the proceeds derived from the sale between those entitled to participate therein, and that the bank paid them *pro rata* the judg-

ment against it for $12,300, the amount received from the sale of lot 9, block 30, city of Fort Smith, which it released from the first mortgage without authority and failed to include in the new mortgage. The four pieces of property actually included in the renewal mortgage brought $8,075 at the foreclosure sale. After apportioning appellee's share in the $12,300 received from the bank, and the $8,075 received from the sale and applying it to her judgment against the Johnsons, it left a balance of $2,797.83 due her from the Johnsons, which deficiency was made the basis in awarding damages to appellee against appellant for the deceit or fraud practiced upon her that induced the exchange of the old notes and mortgage for the new notes and renewal mortgage. The rendition of this judgment was erroneous. She was awarded a judgment in the decree rendered by the trial court on May 17, 1933, for the damages she sustained by reason of the deceit or fraud practiced upon her inducing the exchange of the securities, which judgment was appealed from and affirmed by this court in the case styled *City National Bank* v. *Riggs,* 188 Ark. 420, 66 S. W. (2d) 293. Appellee was entitled to only one judgment on account of the deceit or fraud, which she obtained in that decree, and which has been paid. If the construction given that decree by appellee were adopted, it would necessarily make the bank a guarantor of her investment, which was not the intention, as the securities were assigned to her by the bank without recourse. *Awotin* v. *Atlas Exchange Nat. Bank,* 295 U. S. 209, 55 S. Ct. 674.

The deficiency judgment is therefore reversed as to the bank (appellant), and the cause is remanded with directions to dismiss appellee's motion to obtain additional damages.