CITY NATIONAL BANK *v.* JOHNSON.

4-3931

Opinion delivered July 1, 1935.

38

*James B. McDonough,* for appellants.

*Daily & Woods* and *Watts & Wall,* for appellee.

HUMPHREYS, J. This is the fifth appeal in this case in addition to a petition for a writ of prohibition. The first appeal is reported under style *City National Bank* v. *Riggs,* 188 Ark. 420, 66 S. W. (2d) 293. The second appeal is reported under style *City National Bank* v. *Riggs,* 189 Ark. 123, 70 S. W. (2d) 574. The third appeal is reported under style *City National Bank* v. *Johnson, ante* p. 29. The fourth appeal is reported under style *City National Bank* v. *Taylor, ante* p. 35. All these appeals, as well as a petition for prohibition, involve questions which arose in the foreclosure proceeding commenced in the chancery court of the Fort Smith District of Sebastian County on December 2, 1932, and those cases are referred to for a history and statement of the case except such additional facts as appear in this opinion. This is an appeal from a decree in the same case rendered in favor of appellee against appellant on appellant's motion or petition to enjoin appellant from proceeding by attachment in the circuit court of the Fort Smith District of Sebastian County to fix a lien and enforce same upon the homestead of appellee, which was included in the original mortgage which had been foreclosed, sold, and the title confirmed in appellee.

The ground upon which appellant sought to fix a lien by attachment out of the circuit court on the homestead

was that the property was not her homestead, and that, if ever her homestead, she had abandoned it. Appellant filed a supplemental complaint in the chancery court claiming the homestead property, or the proceeds from the sale thereof, in which it alleged that, under its equitable garnishment, it was entitled, on the ground that said property was never her homestead, or, if so, she had abandoned same, which supplemental complaint was struck out by the chancery court. Appellant excepted to this action of the court, from which it prosecuted an appeal to this court. On the appeal it was decided that, by the affirmance of the decrees in their entirety on former appeals, she was entitled to the property as her homestead. This court said, in the case of *City National Bank* v. *Johnson, ante* p. 29, that:

"The supplemental complaint should not have been struck from the files. The court should have determined whether the bank was entitled to the equitable garnishment prayed. It should also have determined the total indebtedness from the Johnsons to the bank. This would, at least, have prevented another suit, the one at law, the prosecution of which was enjoined. All parties were before the court, and complete and final relief should have been awarded. The reason for the court's order enjoining the prosecution of the suit at law does not appear from the decree; it probably was that the question of Mrs. Johnson's right of homestead had already been decided in the original decree."

During the pendency of the appeal in the case referred to, and, after a supersedeas bond had been filed, appellant brought its suit in attachment in the circuit court upon the identical note, and upon the same ground set forth in its supplemental complaint, and was enjoined from prosecuting the attachment branch of the suit at law by the chancery court. This suit at law was brought to the attention of this court by an application for prohibition against the chancery court, and the petition for prohibition was consolidated and briefed with the case above referred to. Appellant took the position in the case above referred to that the chancery court was without jurisdiction to enjoin it from proceeding with its attach-

ment suit. This court, in denying the petition for prohibition, said:

"This plea on motion of Mrs. Johnson was struck from the files. Whereupon the bank brought suit at law upon the note last mentioned, and sued Mrs. Johnson as a nonresident, and caused an attachment to be levied upon the alleged homestead. The chancellor issued an order temporarily restraining the prosecution of this suit at law, which was later further heard and made permanent, and application has been made here for a writ prohibiting the chancery court from interfering with the prosecution of this suit at law. This portion of the case may be disposed of by saying that prohibition will not lie to review an order already made. 50 C. J., page 662, chapter Prohibition, subtitle 'When Writ Lies,' and authorities there cited. The petition for writ of prohibition is therefore denied."

Appellant contends that the chancery court had no authority to issue the injunction, because the case was pending here on appeal, and that a supersedeas bond had been filed. By reference to the supersedeas bond, it appears that it was conditioned for the payment of a judgment rendered against appellant for $249.06 for net rents collected from the homestead by the receiver during the pendency of the foreclosure suit. The homestead property was in the hands of a receiver appointed by the chancery court when the writ of attachment was levied thereon, and at the time the receiver was under an order of the court to deliver the homestead property to appellee.

The homestead was *in cutodia legis* at the time the attachment was levied upon it, and was not subject to attachment. The supersedeas bond conditioned to pay the rent did not dissolve the receivership or have the effect of releasing the property from the custody of the chancery court.

Again, the same issues and all the parties involved in the attachment proceeding as well as the property itself were involved in the supplemental complaint, and, with full knowledge that a suit in attachment had been filed in the circuit court, and levied upon the homestead,

this court directed the chancery court to ascertain the total amount due appellant by appellee, and to credit same with the proceeds derived from the foreclosure sale, and to try out the issue of whether there had been an abandonment of the homestead after the rendition of the original decrees, and, if so, to subject the homestead property by execution to the indebtedness due by appellee to appellant. This direction was in effect saying to the chancery court that it, and not the circuit court, had jurisdiction to try the only remaining issue in the foreclosure proceeding; that is, to find whether appellee had abandoned her homestead after the original decrees had been rendered, and, if so, to subject same to the payment of the balance the Johnsons owed it. The chancery court acquired jurisdiction of the subject-matter and all the parties, and was in a position to determine all questions which had or might arise in the foreclosure proceeding, and to complete justice between all concerned without aid or assistance from another court.

The decree is therefore affirmed.